**Roulette BLAIR, Petitioner–Appellee,**

v.

**Daniel J. McCARTHY, et al., Respondents–Appellants.**

**No. 87–6690.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 3, 1988 *.

Decided March 27, 1989.

William R. Weisman, Deputy Atty. Gen., Los Angeles, Cal., for respondents-appellants.

Paul E. Potter, Potter & Cohen, Pasadena, Cal., for petitioner-appellee.

Before FARRIS, POOLE and FERGUSON, Circuit Judges.

FERGUSON, Circuit Judge:

Appellant McCarthy, Director of the Department of Corrections of the State of California, appeals the district court's decision to grant appellee Blair's petition for a writ of habeas corpus. We affirm.

In May 1983, Roulette Blair, pursuant to a plea bargain, entered a plea of guilty in state court to possession of a controlled substance (codeine) for sale, in violation of the Cal.Health & Safety Code § 11351(a). The trial court suspended Blair's sentence and placed him on probation for three years. Blair's conviction was subject to Cal.Penal Code § 3000(a), which imposes mandatory parole for a period not to exceed three years.

In December, 1983, Blair was arrested for a probation violation and sentenced to three years in state prison. In March, 1986, Blair was released on parole. He was, however, arrested as a parole violator in August, 1986, and reincarcerated.

While in custody, after exhausting his state remedies, Blair filed a federal petition for a writ of habeas corpus under 28 U.S.C.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

§ 2254, claiming, among other things, that his due process rights under the Fourteenth Amendment of the Constitution had been violated as he was not informed of, and consequently was unaware of, § 3000(a)'s mandatory parole term at the time he entered his guilty plea in 1983. He claimed that had he known of the mandatory parole term, he would not have pleaded guilty. The district court ordered the federal magistrate to hold an evidentiary hearing. The magistrate determined that Blair was not informed of, nor otherwise aware of, the mandatory parole period when he pleaded guilty, and that he would not have pleaded guilty had he known of the parole period. Based upon this finding, the magistrate recommended that the writ be granted. The district court adopted the magistrate's findings, conclusions and recommendations, and ordered that Blair be released from any further service under his parole term. We granted a stay of the district court judgment pending final determination on this appeal, but ordered that Blair be released from state prison.

■ The decision whether to grant or deny a petition for habeas corpus is reviewed de novo. *Weygandt v. Ducharme*, 774 F.2d 1491, 1492 (9th Cir.1985).

■ McCarthy concedes that the state trial court violated state law by failing to inform Blair that he was subject to a mandatory parole term. *See* Cal.Penal Code § 1170(c).[1] McCarthy also does not dispute the district court's finding that Blair was unaware of the mandatory parole term and that, had he known of such a term, he would not have pleaded guilty. Thus, we need only decide whether the harm Blair

suffered as a result of the state trial court's violation of state law constitutes a sufficient basis to grant collateral relief under § 2254.[2]

This court has expressly recognized that a criminal defendant can obtain federal collateral relief for a violation of a state rule of criminal procedure. *See Wayne v. Raines*, 690 F.2d 685, 687 (9th Cir.1982), *cert. denied*, 464 U.S. 914, 104 S.Ct. 275, 78 L.Ed.2d 256 (1983). We have emphasized, however, that the defendant must show more than a mere technical violation of a state law to obtain such relief. *Id. See also United States v. Timmreck*, 441 U.S. 780, 783–85, 99 S.Ct. 2085, 2087–88, 60 L.Ed.2d 634 (1979); *Wacht v. Cardwell*, 604 F.2d 1245, 1247 (9th Cir.1979). Indeed, to support a claim for relief under 28 U.S.C. § 2254, "a petitioner must show that he was prejudiced or that his rights were affected by the omission by the state trial judge." *Wayne*, 690 F.2d at 687.

Neither the Supreme Court nor this court has had an occasion to lay out the precise contours of the prejudice standard in this context. While *United States v. Timmreck*, 441 U.S. at 784, 99 S.Ct. at 2087 (1979), which involved a request for collateral relief based upon a technical violation of Fed.R.Crim.P. 11, hinted that proof that the defendant was actually unaware of a mandatory parole term and that had he been properly advised by the court he would not have pleaded guilty may constitute a sufficient basis for providing collateral relief, the Court expressly left open the question of what set of circumstances, if any, would support collateral relief. *See also Wacht v. Cardwell*, 604 F.2d at 1247 (petitioner failed to allege any facts show-

---

1. Section 1170(c) provides in relevant part: "The court shall inform the defendant that as part of the sentence after expiration of the term he or she may be on parole for a period as provided in Section 3000."

2. It should be noted that the Ninth Circuit has held that lack of awareness of a mandatory parole term when pleading guilty renders the plea involuntary and thus constitutes a violation of the defendant's constitutional right of due process. *See Carter v. McCarthy*, 806 F.2d 1373 (9th Cir.1986), *cert. denied*, 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987). Indeed, the

district court relied on *Carter* in granting Blair's petition for habeas corpus. *Carter*, however, was decided more than three years after Blair entered his guilty plea. Since the district court's grant of collateral relief can be affirmed on the alternative grounds set forth below, we need not decide whether *Carter* should be applied retroactively. *See United States v. Burnette*, 698 F.2d 1038, 1049 (9th Cir.), *cert. denied*, 461 U.S. 936, 103 S.Ct. 2106, 77 L.Ed.2d 312 (1983) (appellate court may affirm the district court on any basis fairly presented by record that, as a matter of law, sustains the judgment).

ing he was prejudiced by state trial court's failure to inform him of his ineligibility for parole upon acceptance of plea where petitioner did not allege he was unaware of ineligibility or that he would not have pleaded guilty had he known of ineligibility).

However, in *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Court had an opportunity to set forth a prejudice standard in a strikingly similar context to the case at bar. In *Hill,* the Court was faced with a collateral challenge under § 2254 to the validity of a guilty plea on the ground that the defendant had received ineffective assistance of counsel in violation of the Sixth Amendment. The Court held that the two-part test adopted in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to evaluate ineffective assistance of counsel claims applies to challenges to guilty pleas based on ineffective assistance of counsel as well. *Id.,* 474 U.S. at 57, 106 S.Ct. at 370. Thus, the Court held that in order to set aside a guilty plea, a habeas petitioner must show that his legal representation fell below an objective standard of reasonableness and that he was prejudiced by such assistance. Specifically, the Court stated that in order to satisfy the prejudice requirement in the plea context, a "defendant must show that there is a reasonable probability that, but for counsel's error(s), he would not have pleaded guilty...." *Id.* at 59, 106 S.Ct. at 370.

We believe that the prejudice standard articulated in *Hill* is equally appropriate for determining whether collateral relief is justified in the face of a state trial court violation of state law upon the acceptance of a guilty plea. Accordingly, we hold that once a habeas petitioner proves that the state trial court violated a state law by failing to inform him of a particular consequence of his plea, he should be granted collateral relief if he shows that there is a reasonable probability that, but for the state court's error, he would not have pleaded guilty. While we are cognizant of the need to avoid undue expansion of the scope of habeas relief, we are certain that, as implicitly recognized in *Strickland* and

*Hill,* this prejudice standard sufficiently reserves habeas corpus relief to only those instances in which there has been a "fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the demands of fair procedure." *Timmreck,* 441 U.S. at 783, 99 S.Ct. at 2087 (quoting *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

 Applying this prejudice standard to the case at bar, it is clear that habeas corpus relief should be granted. McCarthy does not dispute the district court's finding that Blair was unaware of a mandatory parole term and that, had he known of the term, he would not have pleaded guilty. This finding more than satisfies the appropriate prejudice standard. Thus, we affirm the district court's order releasing Blair from any further parole obligations pursuant to his 1983 plea.