William Lloyd HILL, Appellee,

v.

A.L. LOCKHART, Director, Arkansas Department of Correction, Appellant.

No. 88–2237.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1989.

Decided Jan. 31, 1990.

Jack Gillean, Asst. Atty. Gen., Little Rock, Ark., for appellant.

Jack T. Lassiter, Little Rock, Ark., for appellee.

Before LAY, Chief Judge, McMILLIAN, ARNOLD, JOHN R. GIBSON, FAGG, BOWMAN, WOLLMAN, MAGILL, and BEAM, Circuit Judges, en banc.

ARNOLD, Circuit Judge.

William Lloyd Hill, a state prisoner serving a 35–year sentence, brings this petition for habeas corpus under 28 U.S.C. § 2254.

The District Court[1] granted relief, ordering that Hill be released unless the State affords him a trial. A panel of this Court affirmed, and we then granted the State's petition for rehearing with suggestions for rehearing en banc, thus vacating the panel opinion.

██ We now affirm, adopting the reasoning contained in the panel decision. *Hill v. Lockhart,* 877 F.2d 698 (1989). The District Court did not abuse its discretion in hearing Hill's second habeas petition, because there had been no final determination on the merits of Hill's first petition. And the erroneous parole-eligibility advice given to Mr. Hill was ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), rendering Hill's plea invalid and entitling him to a trial.

We are careful to note that not every instance of a lawyer's failure to inform a client accurately of parole eligibility will reach the level of a constitutional violation. As detailed in the panel opinion, in this case there is a reasonable probability that the result of the plea process would have been different but for the erroneous information:

> Not only had Hill explicitly asked his counsel about the parole system in Arkansas, Tr. 23, but he had made clear that the timing of eligibility was the dispositive issue for him in accepting or rejecting a plea bargain. He told his attorney that he considered it no bargain to forego a trial unless his eligibility would be sooner than seven years, which he understood to be the time he could serve with commutation of a life sentence. Tr. 24–26. The Plea Statement bears the signature of Hill's counsel, immediately below the words: "His plea of guilty is consistent with the facts he has related to me and with my own investigation of the case." J.A. 57. Given the attorney's knowledge of his client's particular concern, a failure to check the applicable law was especially incompati-

ble with the objective standard of reasonable representation in *Strickland.*
877 F.2d at 703.

██ In some situations incorrect advice about parole will be merely a collateral matter, not significant enough to justify habeas relief. A lawyer's incorrect guess as to the actual time of parole, for example, would probably fall into that category. But here the misadvice was of a solid nature, directly affecting Hill's decision to plead guilty. Hill's lawyer had died by the time of the evidentiary hearing in the District Court, thus making it easier for someone to fabricate what the lawyer said, but the District Court believed Hill, and we cannot say that this determination of credibility was clearly erroneous. For a situation with some similarity, cf. *Blair v. McCarthy,* 881 F.2d 602 (9th Cir.1989) (defendant not told of mandatory parole term to follow sentence of probation; defendant would have pleaded not guilty had he been told; guilty plea set aside on habeas).

We sustain the result reached by the panel, and the judgment of the District Court is

Affirmed.

BOWMAN, Circuit Judge, joined by JOHN R. GIBSON, WOLLMAN, and MAGILL, Circuit Judges, dissenting.

I respectfully dissent. The Court's holding that an admitted killer's first degree murder conviction must be set aside on his say-so that his now-deceased attorney's advice concerning parole eligibility misled him into accepting a plea bargain—one that clearly appears to have been in his best interests—is not required by the Constitution or by any decision of the United States Supreme Court. Today's holding forgoes objective analysis of Hill's options at the time of his plea bargaining in favor of slippery subjectivity. It opens the door to what may prove to be a flood of similar habeas claims. It represents a step I am not prepared to take.

---

1. The Honorable Garnett Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

Based on the facts as found by the District Court (which credited Hill's self-serving testimony), Hill's attorney advised him that, with good behavior, he could be eligible for parole after serving only six years of the thirty-five year sentence offered in the plea bargain. In reality, since Hill was a second offender, he could not become eligible for parole in less than eight years and nine months. In testimony the District Court accepted as true, Hill asserted that but for the erroneous parole eligibility advice from his attorney he would not have pleaded guilty and would have gone to trial, even though trial would have exposed him to a possible sentence of five to fifty years or life imprisonment, and even though on a sentence of life imprisonment he would have had no possibility of parole unless the Governor were somehow persuaded to commute the sentence to a term of years.

I agree we cannot say the District Court's findings are clearly erroneous. I disagree, however, with the conclusion that these findings establish constitutionally inadequate performance by Hill's attorney.

The claim that Hill asserts in the present proceeding is identical to the claim he made, and we rejected, over five years ago. *See Hill v. Lockhart*, 731 F.2d 568 (8th Cir.1984). The reasoning of that decision, which assumed all the facts the District Court now has found, is as persuasive to me now as it was then. In affirming the District Court's denial of habeas relief, we expressly held that counsel's advice concerning Hill's parole eligibility, even though not entirely accurate, did not amount to constitutionally inadequate performance. *Id.* at 572. Rehearing en banc was granted, and the panel decision thereby was vacated. On rehearing, however, the en banc Court affirmed the District Court by an equally divided vote, thus sustaining the result reached by the panel decision. 764 F.2d 1279 (8th Cir.1984) (en banc).

Our en banc decision was affirmed by the Supreme Court on procedural grounds. *See Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Holding merely that Hill's allegations were insufficient to satisfy the "prejudice" requirement of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Court found it "unnecessary to determine whether there may be circumstances under which erroneous advice by counsel as to parole eligibility may be deemed constitutionally ineffective assistance of counsel." 474 U.S. at 60, 106 S.Ct. at 371. The Supreme Court thus declined to decide the constitutional merits of Hill's claim.

I believe our original panel decision was correct in holding that Hill's claim lacks constitutional footing. First, I seriously doubt that the Sixth Amendment ever can be brought into play by allegations of incorrect advice concerning parole eligibility. The subject of parole eligibility, though no doubt of keen interest to the accused, is simply not central to what plea bargaining is all about, namely, the obtaining of either reduced charges, a below-the-maximum sentence, or both. Moreover, even indulging the assumption, without deciding, that a case might be found in which counsel's advice concerning parole eligibility is so far off the mark that the Sixth Amendment right to the effective assistance of competent counsel is violated, in my judgment this is not such a case. The advice given by Hill's counsel certainly was not "gross[ ] misinform[ation]" on the order of that found in *Strader v. Garrison*, 611 F.2d 61, 65 (4th Cir.1979) (counsel misrepresented parole eligibility of eight and three-quarter years as only one and three-quarters years). For the reasons well-explicated in our 1984 panel opinion, which I will not here restate, I would find no constitutional violation and therefore would reverse the judgment of the District Court.