STATE of Wisconsin, Plaintiff-Respondent,†

v.

Kamau Kambui BENTLEY, JR., Defendant-Appellant.

Court of Appeals

*No. 94–3310–CR. Submitted on briefs May 3, 1995.—Decided June 27, 1995.*

(Also reported in 536 N.W.2d 202.)

†Petition to review granted.

For the defendant-appellant the cause was submitted on the briefs of *Mark Lukoff*, assistant state public defender.

For the plaintiff-respondent the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Daniel J. O'Brien*, assistant attorney general.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

SCHUDSON, J. Kamau Kambui Bentley, Jr., was convicted of one count of felony murder, party to a crime, and one count of first-degree intentional homicide, party to a crime. He appeals from the denial of his postconviction motion to withdraw his guilty pleas based on the alleged ineffective assistance of counsel.[1] He argues that the trial court erred in denying his

---

[1] Bentley appeals from both the judgment of conviction and the order denying postconviction relief. This decision reverses only the order and remands for further proceedings.

request for an evidentiary hearing on his motion. We agree and remand for a *Machner* hearing.[2]

Bentley pled guilty to felony murder and first-degree intentional homicide, each as party to the crime, as a result of his participation in drug-related killings in which he procured the murder weapon and acted as the "lookout." Pursuant to a plea negotiation, the State recommended at the guilty plea proceeding that Bentley receive forty years imprisonment for felony murder and concurrent life imprisonment for first-degree intentional homicide. The State did not recommend a specific parole eligibility date.[3] On May 16, 1994, the trial court sentenced Bentley to thirty-five years for the felony murder and to a concurrent term of life imprisonment for first-degree intentional homicide with a parole eligibility date of May 16, 2039.

Bentley filed a motion for postconviction relief seeking an order to vacate the judgment and to withdraw his guilty pleas on the grounds that they were neither voluntary nor informed. Bentley also sought an evidentiary hearing in support of his contention that his trial counsel was ineffective and that his trial counsel's ineffective assistance resulted in the guilty pleas. The trial court denied the request for a hearing and denied the motion, concluding that "the record conclu-

---

[2] *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

[3] We note that at sentencing the State recommended twenty-five years for the felony murder count, to be served concurrently with the life sentence for first-degree intentional homicide. The State also specifically recommended "that the Court set a parole eligibility date for Mr. Bentley at 45 years." Bentley, however, has not raised any issue related to the variance between the agreement articulated at the guilty plea proceeding and the recommendation made at the sentencing.

sively shows the defendant is not entitled to relief." We conclude, however, that Bentley's motion offered sufficient specific allegations to require an evidentiary hearing.

In his postconviction motion, Bentley alleged that his trial counsel incorrectly advised him and his family that he would be eligible for parole after serving approximately eleven years and some months (trial counsel allegedly gave various estimates of the number of months). The motion stated, in part, "[d]efendant will testify that he entered his guilty pleas only because he was informed by his trial attorney . . . that the parole eligibility date for first-degree intentional homicide would be 11 years and 5 months." The motion also alleged that Bentley's trial counsel "will testify that he told defendant he would try to get parole eligibility set under the 'old law' which would result in parole eligibility of 11 years, 4 months." In fact, as also alleged in the motion, Bentley's trial counsel recommended at sentencing that the trial court "make his eligibility for parole on the life sentence the same length of time it normally gives of eleven years, three months."

Concluding that no evidentiary hearing was necessary, the trial court denied the motion, explaining, "even if [Bentley] thought he faced a potential of 11 years and 5 months on the life sentence, he also knew he could have faced as much, or more . . . —and that it might not have been concurrent as the State recommended." The trial court further reasoned:

> [E]ven if trial counsel had represented . . . that [Bentley's] parole eligibility date would be 11 years and 5 months . . ., the court's inquiry of the defendant at the guilty plea hearing and his signature on

585

the Guilty Plea Questionnaire and Waiver of Rights form unequivocally override that assertion. The defendant clearly apprehended that his exposure was life plus forty years.

Withdrawal of a guilty plea after sentencing may be based on the ineffective assistance of counsel. *See State v. Washington*, 176 Wis. 2d 205, 213-214, 500 N.W.2d 331, 335 (Ct. App. 1993). A trial court must grant a defendant's request to withdraw a guilty plea after sentencing only "if a defendant successfully 'carries the heavy burden of establishing, by clear and convincing evidence, that the trial court should permit the defendant to withdraw the plea to correct a "manifest injustice." ' " *State v. Woods*, 173 Wis. 2d 129, 136, 496 N.W.2d 144, 147 (Ct. App. 1992) (defendant permitted to withdraw plea that was based in part on inaccurate information regarding potential disposition) (citation omitted).

A defendant in a criminal case has a right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *State v. Ludwig*, 124 Wis. 2d 600, 606, 369 N.W.2d 722, 725 (1985). To establish ineffective assistance, a defendant must demonstrate that counsel's performance was both deficient and prejudicial. *Strickland*, 466 U.S. at 687; *Ludwig*, 124 Wis. 2d at 607, 369 N.W.2d at 725. Generally, an evidentiary hearing at which trial counsel testifies regarding the alleged deficient performance is required for the trial court's consideration of an ineffective assistance of counsel claim. *State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905, 908, (Ct. App. 1979). Such a hearing, however, is not automatic:

The mere assertion of a claim of "manifest injustice," in this case the ineffective assistance of counsel, does not entitle a defendant to the granting of relief or even a hearing on a motion for withdrawal of a guilty plea. A conclusory allegation of "manifest injustice," unsupported by any factual assertions, is legally insufficient. . . .

. . . [I]f a motion to withdraw a guilty plea after judgment and sentence alleges facts which, if true, would entitle the defendant to relief, the trial court must hold an evidentiary hearing.

*Washington*, 176 Wis. 2d at 214-215, 500 N.W.2d at 335-336 (quoting *Nelson v. State*, 54 Wis. 2d 489, 497-498, 195 N.W.2d 629, 633 (1972)). Where, as here, a trial court refused to hold a *Machner* evidentiary hearing, we independently review the defendant's motion "to determine whether it alleges facts sufficient to raise a question of fact necessitating a *Machner* hearing." *State v. Toliver*, 187 Wis. 2d 346, 360-361, 523 N.W.2d 113, 118 (Ct. App. 1994).

In this case Bentley presented a specific allegation of deficient performance. There is no dispute that minimum incarceration for a first-degree intentional homicide conviction for which the trial court does not set a parole eligibility date is approximately thirteen years and four months. *See* §§ 973.014 and 304.06(1), STATS.; *State v. Borrell*, 167 Wis. 2d 749, 765-767 n.6, 482 N.W.2d 883, 889 n.6 (1992). According to the motion, Bentley's trial counsel would acknowledge that he inaccurately advised Bentley and his family about the potential length of Bentley's mandatory minimum incarceration, and the record of his sentencing recommendation confirms counsel's misunderstanding.

587

Thus, from the allegations in Bentley's motion and from the sentencing record, it is apparent that trial counsel's performance was deficient because he provided Bentley with inaccurate information regarding the minimum mandatory length of incarceration.

Thus, the remaining issue is whether trial counsel's deficient performance was prejudicial. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Ludwig*, 124 Wis. 2d at 609, 425 N.W.2d at 726. Here, Bentley's motion alleged that he pled guilty only because of the incorrect information his lawyer provided. "[W]hen . . . inaccurate legal information renders a plea an uninformed one, it can also compromise the voluntariness of the plea." *Woods*, 173 Wis. 2d at 140, 496 N.W.2d at 149. Thus, Bentley's motion contained sufficient allegations to raise the issue of whether there is a reasonable probability that Bentley would not have pled guilty but for the inaccurate information counsel provided.

The State, however, argues:

> If, in fact, counsel had erroneously told the appellant that he would be eligible for parole after eleven years and three, four, or five months, . . . without any input by the trial court in setting a minimum eligibility date, then there would arguably be a valid claim of prejudicially deficient performance which caused the appellant to waive his right to a trial and enter a guilty plea that he would otherwise not have entered. The problem for the appellant is that the record conclusively shows this was not the case—the record is clear that the appellant knew

> the trial judge was free to set any parole eligibility date he saw fit.

This argument misses the mark. The issue presented by Bentley's motion is not whether he understood the potential maximum, but rather, whether he would have entered guilty pleas had he known of the minimum mandatory incarceration preceding parole eligibility. Although the record confirms Bentley's apparent understanding of the trial court's authority to sentence him to incarceration extending far beyond any recommended parole eligibility date, the record also supports Bentley's allegation that he was misinformed regarding the *minimum mandatory* period of incarceration.

The State also argues, "[c]onspicuous by its absence from the appellant's motion is any claim that he would not have pled guilty had he known the minimum parole eligibility date for first-degree intentional homicide." We conclude, however, that Bentley must not be denied a hearing merely because of such a slight semantic shift. Bentley alleged that "he entered his guilty pleas only because" of the misinformation provided by trial counsel. Although he did not, in addition, specifically allege that he would not have entered his pleas had he known the accurate information, that would be a reasonable inference to be drawn from his allegation, which, of course, can be a proper area for examination at the *Machner* hearing.

Erroneous advice regarding parole eligibility can form the basis for a finding of ineffective assistance of counsel thus permitting withdrawal of guilty pleas. As the Eighth Circuit Court of Appeals has explained:

589

> The failure of [the defendant's] lawyer to ascertain, through minimal research, the applicable statute governing parole eligibility ... and to inform his client accurately when asked about that eligibility, fell below the objective standard of reasonableness required by the Sixth Amendment. We agree ... that the "earliest potential parole eligibility date ... [is] normally one of the most important factors to a criminal client." The basic minimum amount of time that a defendant will have to serve is an integral factor in plea negotiation; it is a direct, not a collateral, consequence of the sentence. While the state has no federal constitutional duty to inform a defendant about parole, counsel owes a duty to provide accurate information about his client's earliest possible release date, especially when the client asks for it.

*Hill v. Lockhart*, 877 F.2d 698, 703 (8th Cir. 1989) (citations omitted), *aff'd en banc on rehearing*, 894 F.2d 1009 (8th Cir. 1990), *cert. denied*, 497 U.S. 1011 (1990).[4]

Bentley's motion presented specific, substantial allegations well beyond "[a] conclusory allegation of 'manifest injustice,' unsupported by any factual assertions" that would have been insufficient to require an evidentiary hearing. *Washington*, 176 Wis. 2d at 214,

---

[4] We do note, however, that a defendant's misunderstanding of the parole eligibility date, based on the deficient performance of counsel, does not necessarily require a court to grant a request to withdraw a plea. "In some situations incorrect advice about parole will be merely a collateral matter, not significant enough" to require plea withdrawal. *Hill v. Lockhart*, 894 F.2d 1009, 1010 (8th Cir. 1990). The "misadvice" must be "of a solid nature, directly affecting [the defendant's] decision to plead guilty." *Id.*

500 N.W.2d at 335. Bentley is entitled to an evidentiary hearing for the court to determine whether his guilty pleas were involuntary as a result of ineffective assistance such that a manifest injustice occurred. Therefore, we remand this case to the trial court for a *Machner* hearing.

*By the Court.*—Order reversed and cause remanded with directions.