69 F.3d 539
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William J. EVERS, Petitioner-Appellant,
v.
Dan BUCHLER, Respondent-Appellee.
 No. 94-1869.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 18, 1995.[1]
Decided Oct. 23, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 William J. Evers, a Wisconsin prisoner, appeals from a district court order denying his petition for writ of habeas corpus. 28 U.S.C. Sec. 2254. On March 16, 1994, the district court summarily dismissed the petition as an abuse of the writ on the basis that another petition for a writ of habeas corpus was already pending in the district court (Evers v. Buchler, No. 93-C-996 (E.D.Wis.), and Evers should have raised the present claim in the prior petition. Evers filed a timely notice of appeal. This court granted Evers's petition for certificate of probable cause.
 
 
 2
 Evers argues that we should decide the issue of sentencing credit which he raised in his prior habeas corpus petition (No. 93-C-996). That is impossible, since neither the habeas corpus petition itself nor a final judgment in that case is before this court.
 
 
 3
 In regard to the second habeas corpus petition, it is difficult to understand how the district court could find an abuse of the writ based on the filing of an earlier petition when the court had not yet ruled on the first petition. In fact, when it did rule on the petition 12 days later, it apparently dismissed without prejudice for failure to exhaust, which is not a dismissal on the merits and thus could not support a later finding of abuse of the writ or successive petition. See Hill v. Lockhart, 894 F.2d 1009, 1010 (8th Cir.1990) (en banc) (where first petition was dismissed on nonexhaustion grounds, which is not a determination on the merits, the district court could not dismiss second habeas corpus petition on abuse of writ or successive petition grounds). See also Sanders v. United States, 373 U.S. 1, 19 (1963) (summary dismissal is not a merits adjudication but "merely a ruling that petitioner's pleading was deficient").
 
 
 4
 Accordingly, the judgment of the district court, dismissing the habeas corpus petition without prejudice, is VACATED and the cause is REMANDED for further proceedings.
 
 
 
 [1]
 The appellee has filed a statement indicating he will not be filing a brief in this case. After a preliminary examination of the appellant's brief, the court notified him that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the appellant could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). The appellant has not filed a statement. Accordingly, the appeal is submitted on the briefs and the record