STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

Kamau Kambui BENTLEY, Jr., Defendant-Appellant.†

Supreme Court

*No.  94–3310–CR.  Oral argument February 28, 1996.—Decided May 22, 1996.*

(Also reported in 548 N.W.2d 50.)

†Motion for reconsideration filed May 29, 1996.

305

For the plaintiff-respondent-petitioner the cause was argued by *Daniel J. O'Brien*, assistant attorney general, with whom on the briefs was *James E. Doyle*, attorney general.

For the defendant-appellant there was a brief and oral argument by *Mark Lukoff*, assistant State Public Defender.

ANN WALSH BRADLEY, J.   The State seeks review of a decision of the court of appeals,[1] reversing an order that denied the postconviction motion of the defendant, Kamau Kambui Bentley, to withdraw his guilty pleas based on alleged ineffective assistance of counsel. The court of appeals agreed with the defendant that the circuit court erred in denying his motion without first conducting an evidentiary hearing. Because Bentley's motion on its face failed to allege facts which, if true, would entitle him to relief, we conclude that the circuit court was not required to hold such a hearing. We further conclude that the circuit court's decision not to hold an evidentiary hearing constituted a proper exercise of its discretion. Accordingly, we reverse the decision of the court of appeals.

The facts for purposes of this appeal are undisputed. Pursuant to a plea agreement, Bentley pled guilty to one count of felony murder and one count of first-degree intentional homicide, each as party to the crime. In return, the State agreed to recommend concurrent sentences of 40 years imprisonment on the felony murder charge and life imprisonment for the

---

[1] *State v. Bentley*, 195 Wis. 2d 580, 536 N.W.2d 202 (Ct. App. 1995).

first-degree intentional homicide charge.[2] The State did not recommend a specific parole eligibility date.

The circuit court sentenced Bentley to concurrent terms of 35 years in prison for felony murder and a mandatory life term for first-degree intentional homicide. The court set Bentley's parole eligibility date on the first-degree intentional homicide count for the year 2039, 45 years from the date of sentencing.

Bentley filed a motion for postconviction relief pursuant to Wis. Stat. § (Rule) 809.30 (1993-94), requesting an order vacating the judgment and permitting him to withdraw his guilty pleas. He alleged that his pleas were not voluntary or informed because his trial counsel erroneously advised him that his minimum parole eligibility date would be 11 years and 5 months. In fact, if the court had not set a parole eligibility date, Bentley's minimum eligibility date would have been 13 years and 4 months.[3] Bentley's motion also requested an evidentiary hearing to support his contention that he received ineffective assistance of counsel based on this misinformation.

---

[2] Bentley was charged with two counts of first-degree intentional homicide while armed as party to the crime contrary to Wis. Stat. §§ 940.01(1), 939.05, 939.63(1)(a)2 (1993-94), and two counts of armed robbery as party to the crime, contrary to Wis. Stat. §§ 943.32(1)(a) & (2), 939.05 (1993-94). Pursuant to the plea agreement, the State also amended one count of first-degree intentional homicide to felony murder, abandoned the penalty enhancers, and dismissed the two armed robbery counts.

[3] *See* Wis. Stat. §§ 973.014, 304.06(1) (1993-94). *See also State v. Borrell*, 167 Wis. 2d 749, 765-67 n.6, 482 N.W.2d 883 (1992) (explaining the computation of statutory parole eligibility date for a life inmate).

The circuit court found that Bentley was not entitled to relief because a review of the record conclusively demonstrated that he understood that he could receive a minimum parole eligibility date well in excess of 11 years, 5 months, and that any parole eligibility date was uncertain. Therefore, the court denied Bentley's motion without an evidentiary hearing.

Bentley appealed from the judgment of conviction and order denying postconviction relief. He argued that the trial court erred in denying his motion for postconviction relief without an evidentiary hearing on his ineffective assistance of counsel claim. The court of appeals agreed, concluding that Bentley's motion presented sufficient allegations to require a hearing. *State v. Bentley*, 195 Wis. 2d 580, 585, 536 N.W.2d 202 (Ct. App. 1995). It reversed the order denying postconviction relief and remanded the case for an evidentiary hearing.[4] *Id.* at 583-84.

## I. STANDARD OF REVIEW

The parties initially dispute the standard of appellate review applicable to a circuit court's decision not to hold an evidentiary hearing. The court of appeals stated its review as follows:

> Where, as here, a trial court refused to hold a *Machner* evidentiary hearing, we independently review the defendant's motion "to determine whether it alleges facts sufficient to raise a question of fact necessitating a *Machner* hearing."

*Bentley*, 195 Wis. 2d at 587, quoting *State v. Toliver*, 187 Wis. 2d 346, 360-61, 523 N.W.2d 113, 118 (Ct. App.

---

[4] *See State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979).

1994). *See also State v. Tatum*, 191 Wis. 2d 547, 551, 530 N.W.2d 407 (Ct. App. 1995) (applying a de novo review.)

The State argues that the court of appeals erred by applying a de novo standard of review. It asserts that, pursuant to *Nelson v. State*, 54 Wis. 2d 489, 195 N.W.2d 629 (1972), appellate courts must review a trial court's motion to withdraw a guilty plea under the deferential erroneous exercise of discretion standard. The State submits that the decisions of the court of appeals in *Tatum, Toliver*, and this case are inconsistent with *Nelson* and overrule *Nelson sub silentio*.[5]

Bentley, relying on *Toliver*, argues that the court of appeals properly used the de novo standard of review. He reasons that this is appropriate because the circuit court is in no better position than an appellate court to determine whether the motion was legally sufficient to require a hearing. He further asserts that use of the de novo standard in this case is entirely consistent with this court's prior cases which have applied a de novo standard of review when interpreting documents. *See, e.g., Delap v. Institute of America, Inc.*, 31 Wis. 2d 507, 510, 143 N.W.2d 476 (1966).

We agree with the State that our standard of review is dictated by *Nelson*. In *Nelson*, this court stated the test for determining whether a hearing on a motion to withdraw a guilty plea is required as follows:

> [I]f a motion to withdraw a guilty plea after judgment and sentence alleges facts which, if true, would entitle the defendant to relief, the trial court must hold an evidentiary hearing. However, if the defendant fails to allege sufficient facts in his

---

[5] *But see State v. Washington*, 176 Wis. 2d 205, 214-15, 500 N.W.2d 331 (Ct. App. 1993) (quoting *Nelson* with approval).

motion to raise a question of fact, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the trial court may in the exercise of its legal discretion deny the motion without a hearing.

*Nelson*, 54 Wis. 2d at 497-98. *See also Levesque v. State*, 63 Wis. 2d 412, 421, 217 N.W.2d 317 (1974); *Smith v. State*, 60 Wis. 2d 373, 381, 210 N.W.2d 678 (1973).[6]

While we agree with the State that *Nelson* controls, we disagree with the State's interpretation of *Nelson* that our review is limited to the erroneous exercise of discretion standard. Rather, we conclude that *Nelson* sets forth a two-part test which necessitates a mixed standard of appellate review. If the motion on its face alleges facts which would entitle the defendant to relief, the circuit court has no discretion and must hold an evidentiary hearing. *Nelson*, 54 Wis. 2d at 497. Whether a motion alleges facts which, if true, would entitle a defendant to relief is a question of law that we review de novo. *See Nottelson v. DILHR*, 94 Wis. 2d 106, 116, 287 N.W.2d 763 (1980) (whether facts fulfill a particular legal standard is a question of law).

However, if the motion fails to allege sufficient facts, the circuit court has the discretion to deny a

---

[6] We recognize that *Nelson* dealt with a collateral postconviction motion to withdraw a guilty plea pursuant to Wis. Stat. § 974.06, as opposed to a motion pursuant to Wis. Stat. § (Rule) 809.30, such as in this case. However, the test is the same for a direct challenge to the conviction on a motion to withdraw a guilty plea as for a collateral challenge pursuant to § 974.06. *See Levesque v. State*, 63 Wis. 2d 412, 421, 217 N.W.2d 317 (1974). *See also Washington*, 176 Wis. 2d at 215 n.3 (holding this distinction irrelevant).

postconviction motion without a hearing based on any one of the three factors enumerated in *Nelson*. When reviewing a circuit court's discretionary act, this court uses the deferential erroneous exercise of discretion standard. *Brookfield v. Milwaukee Metropolitan Sewerage Dist.*, 171 Wis. 2d 400, 423, 491 N.W.2d 484 (1992).

## II.  MOTION TO WITHDRAW PLEA

Applying the first prong of *Nelson*, we must consider whether Bentley's motion alleged sufficient facts which would entitle him to withdraw his guilty plea. A defendant is entitled to withdraw a guilty plea after sentencing only upon a showing of "manifest injustice" by clear and convincing evidence. *State v. Rock*, 92 Wis. 2d 554, 558-59, 285 N.W.2d 739 (1979). This court has recognized that the "manifest injustice" test is met if the defendant was denied the effective assistance of counsel. *Id.* at 558-59; *State v. Reppin*, 35 Wis. 2d 377, 385-86, 151 N.W.2d 9 (1967) (adopting what is now § 14-2.1 of the American Bar Association's *Standards for Criminal Justice* (2d ed. supp. 1986)). *See also State v. Washington*, 176 Wis. 2d 205, 213-14, 500 N.W.2d 331 (Ct. App. 1993).

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the United States Supreme Court addressed whether a defendant was entitled to an evidentiary hearing on his federal habeas corpus petition alleging that his guilty plea was involuntary by reason of ineffective assistance of counsel because his attorney had misinformed him as to his parole eligibility date. The Court held that the two-part test set forth under *Strickland v. Washington*, 466 U.S. 668 (1984), applies to challenges to guilty pleas based

on ineffective assistance of counsel. *Hill*, 474 U.S. at 58.

Under *Strickland*, a defendant must show that counsel's performance was both deficient and prejudicial. *Strickland*, 466 U.S. at 687; *State v. Pitsch*, 124 Wis. 2d 628, 633, 369 N.W.2d 711 (1985). In order to satisfy the prejudice prong of the *Strickland* test, the defendant seeking to withdraw his or her plea must allege facts to show "that there is a reasonable probability that, but for the counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted).

The court of appeals in this case applied the *Strickland* test to determine whether Bentley's motion alleged sufficient facts necessitating a hearing. It first held that the motion presented a specific allegation of deficient performance because Bentley's counsel provided him with inaccurate information regarding the minimum mandatory length of incarceration. *Bentley*, 195 Wis. 2d at 587-88. In oral arguments to this court, the State conceded that the court of appeals was correct in concluding that Bentley's motion on its face alleged sufficient facts to raise the issue of deficient performance. Therefore, we decline to further address the deficient performance prong.

The court of appeals next addressed whether trial counsel's deficient performance was prejudicial. It noted that "Bentley's motion alleged that he pled guilty only because of the incorrect information his lawyer provided." *Bentley*, 195 Wis. 2d at 588. The court summarily concluded from this that "Bentley's motion contained sufficient allegations to raise the issue of whether there is a reasonable probability that Bentley would not have pled guilty but for the inaccurate information counsel provided." *Id.* We disagree.

This court has long held that the facts supporting plea withdrawal must be alleged in the petition and the defendant cannot rely on conclusory allegations, hoping to supplement them at a hearing. *Levesque*, 63 Wis. 2d at 421. A defendant must do more than merely allege that he would have pled differently; such an allegation must be supported by objective factual assertions.[7] *See State v. Saunders*, 196 Wis. 2d 45, 51, 538 N.W.2d 546 (Ct. App. 1995); *Washington*, 176 Wis. 2d at 214.

While Wisconsin courts have long held that conclusory allegations without factual support are insufficient, they have not specifically discussed the type of facts necessary to warrant a hearing. The nature and specificity of the required supporting facts

[7] We note that several federal circuits of the court of appeals have similarly required more than a mere allegation of prejudice in order for a defendant to receive a hearing on a postconviction motion or habeas corpus petition alleging ineffective assistance of counsel. *See, e.g., United States v. LaBonte*, 70 F.3d 1396, 1413 (1st Cir. 1995) (the defendant's self-serving statement that but for his counsel's inadequate advice he would not have pled guilty is insufficient to demonstrate the required prejudice); *United States v. Gordon*, 4 F.3d 1567, 1571 (10th Cir. 1993), *cert. denied*, 114 S. Ct. 1236 (1994) (the defendant's mere allegation that but for counsel's misinformation regarding sentence he would have insisted on going to trial held insufficient to establish prejudice); *United States v. Horne*, 987 F.2d 833, 836 (D.C. Cir.), *cert. denied*, 114 S. Ct. 153 (1993) (defendant must make more than a bare allegation that he would have pled differently and gone to trial); *Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990), *cert. denied*, 499 U.S. 940 (1991) (defendant failed to assert any special circumstances to support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether to plead guilty).

will necessarily differ from case to case. However, a defendant should provide facts that allow the reviewing court to meaningfully assess his or her claim. *See e.g., Key v. United States*, 806 F.2d 133, 139 (7th Cir. 1986). For example, the Supreme Court in *Hill* stated that the motion might further allege "special circumstances that might support the conclusion that [the defendant] placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty." *Hill*, 474 U.S. at 60.

Federal cases interpreting *Hill* and the federal counterpart to Wisconsin's postconviction motion procedure[8] have similarly provided examples of factual allegations that would sufficiently raise an issue of ineffective assistance of counsel. Although we are not bound by these cases, we consider them to be instructive here.

The Seventh Circuit Court of Appeals has held that "[a] specific explanation of *why* the defendant alleges he would have gone to trial is required." *Santos v. Kolb*, 880 F.2d 941, 943 (7th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990) (emphasis added). *See also United States v. Winston*, 34 F.3d 574, 578-79 (7th Cir. 1994) (defendant failed to explain *why* he would not have pled guilty). The Seventh Circuit in *Key*, responding to the defendant's allegation that erroneous advice he received as to the time of his release constituted ineffective assistance of counsel, stated:

> [A] defendant must do more than merely allege a promise by counsel; he or she must provide some evidence that allows the court to meaningfully

---

[8] The federal counterpart to Wis. Stat. § 974.06 is 28 U.S.C. § 2255. *See Smith v. State*, 60 Wis. 2d 373, 382 & n.15, 210 N.W.2d 678 (1973).

assess his or her claim. A defendant in such a situation might allege, in addition to alleging the *Hill* requirements, what the terms of the alleged promises by counsel were; when, where, and by whom such promises were made; and the precise identity of any witnesses to the promise.

*Key*, 806 F.2d at 139.

In the present case Bentley's postconviction motion alleged the following with respect to his understanding of parole eligibility dates:

4. Defendant will testify that he entered his guilty pleas only because he was informed by his trial attorney, Alan Olshan, that the parole eligibility date for first degree intentional homicide would be 11 years and 5 months.

. . . .

6. Defendant's attorney, Alan Olshan, will testify that he told defendant he would try to get parole eligibility set under the "old law," which would result in parole eligibility of 11 years, 4 months.

7. The minimum parole eligibility, if a court does not set a parole eligibility date, is approximately 13 years and 4 months. . . . Neither the court nor the parole board can adjust a parole eligibility date below the minimum of approximately 13 years and 4 months. . . .

8. Nothing in either the plea questionnaire or the plea colloquy disabused defendant of the misunderstanding of parole eligibility.

The State argues that Bentley's motion is insufficient because he made no allegation, as required by *Hill*, that he would have pled differently and insisted on going to trial had he been properly informed as to his minimum parole eligibility date. Bentley contends that

315

his allegation that he entered his guilty pleas "only because" of the misinformation meets the *Hill* requirement and that to hold otherwise is "quibbling nonsense." Likewise, the court of appeals concluded that Bentley must not be denied a hearing merely because of such a "slight semantic shift." *Bentley*, 195 Wis. 2d at 589.

We agree with Bentley and the court of appeals that his motion essentially alleges that had counsel correctly informed him about his minimum parole eligibility date, he would have pled differently. *See Hill*, 474 U.S. at 59. However, we disagree with the court of appeals that this allegation, absent more, is sufficient to raise the issue of whether Bentley was prejudiced by the misinformation.

The conclusion of the court of appeals that Bentley's motion presented substantial allegations of prejudice "well beyond" a conclusory allegation is erroneous because the court fails to identify any facts to support this allegation. *Bentley*, 195 Wis. 2d at 588-90. Without facts to support his allegation that he pled guilty only because of the misinformation, Bentley's allegation amounts to merely a self-serving conclusion. A "bare-bones allegation" that a defendant would have pled differently "is no more than a 'conclusory allegation' and, under *Nelson*, not sufficient to require the trial court to direct that an evidentiary hearing be conducted." *Smith*, 60 Wis. 2d at 380.

Our review of the motion reveals that it fails to allege any factual assertions which would allow a court to meaningfully assess Bentley's claim that he was prejudiced by the misinformation. For example, he never explains how or why the difference between a minimum parole eligibility date of 11 years, 5 months

and 13 years, 4 months would have affected his decision to plead guilty. He alleges no special circumstances that might support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether to plead guilty. *Hill*, 474 U.S. at 60.

Bentley argues that requiring such specific facts supporting an allegation of prejudice is contrary to the long-standing policy of notice pleading in Wisconsin. The statutory concept of "notice pleading" has no applicability to a postconviction motion challenging a guilty plea. The supreme court has previously rejected this argument, holding that "[a] statement of ultimate facts which may be sufficient to sustain a complaint against a demurrer is not sufficient for a petition for postconviction relief, a petition to withdraw a plea or a motion for a new trial." *Levesque*, 63 Wis. 2d at 422.

Extending the decision of the court of appeals to its logical conclusion, a defendant would be entitled to an evidentiary hearing in every case that counsel made any mistake so long as the defendant makes a conclusory allegation that the mistake was prejudicial. As recognized by *Hill*, if a defendant need only make a mere conclusory allegation of prejudice to obtain a hearing, the fundamental interest in the finality of guilty pleas would be frustrated. *Hill*, 474 U.S. at 58.

Likewise, our supreme court long ago recognized the burden that such a rule would impose on the court system. Describing the reasoning behind requiring more than conclusory allegations, the court stated:

> With the vast amount of work this court and the trial courts have with petitions for postconviction relief, some of them duplications, many of them filed with only a last hope or chance, and some of

317

them filed without factual basis, there is need for a prescreening procedure which is fair to the petitioner and to the courts. If there is merit in the facts, it should be an easy matter and a prime requisite to state those facts in the petition so they can be evaluated at the commencement of the proceeding.

*Levesque*, 63 Wis. 2d at 421-22.

In sum, we conclude that Bentley's allegation that he pled guilty because of the misinformation provided by counsel is merely conclusory. He must also allege facts which allow the court to meaningfully assess his claim of prejudice. Because Bentley failed to allege facts which, if true, would entitle him to withdraw his plea, the circuit court was not required to hold a hearing on his motion under the first prong of *Nelson*.

### III. DECISION NOT TO HOLD HEARING

We next address the second prong of the *Nelson* test: whether the circuit court properly exercised its discretion in denying Bentley's motion without a hearing. The circuit court did not hold a hearing based on its finding that the record conclusively demonstrates that Bentley is not entitled to relief. Our review of this discretionary determination is limited to whether the court erroneously exercised its discretion in making this determination.

A circuit court properly exercises its discretion when it has examined the relevant facts, applied the proper legal standards, and engaged in a rational decision-making process. *Schultz v. Darlington Mut. Ins. Co.*, 181 Wis. 2d 646, 656, 511 N.W.2d 879 (1994).

More specifically, when deciding a motion for plea withdrawal without a hearing, "[i]t is incumbent upon

the trial court to form its independent judgment after a review of the record and pleadings and to support its decision by written opinion." *Nelson*, 54 Wis. 2d at 498.

The circuit court examined the extensive plea colloquy and the guilty plea questionnaire signed by Bentley. It found that Bentley understood that any parole eligibility date was uncertain and that the court was free to set whatever parole eligibility date it felt appropriate. The court concluded that even if trial counsel had represented to Bentley that his minimum parole eligibility date would be 11 years, 5 months, the record unequivocally overrides that assertion. Applying the *Nelson* test, it denied the motion without a hearing because the record conclusively demonstrated that Bentley was not entitled to relief.

The court's written decision demonstrates that it examined the relevant facts from the record, applied the proper legal standard, and engaged in a rational decision-making process to reach its conclusion. Accordingly, we conclude that the circuit court did not erroneously exercise its discretion in denying the motion without a hearing.

*By the Court.*—The decision of the court of appeals is reversed.