KELLY, Circuit Judge, dissenting.
 

 I agree that Stewart received objectively unreasonable assistance of counsel at sentencing. I respectfully dissent, however, because I believe Stewart was prejudiced by defense counsel's performance. Defense counsel, the prosecutor, the trial judge, and the jury instructions all told the jury that Stewart would be eligible for parole after serving 70 percent of any term-of-years sentence imposed. The State sought a life-without-parole sentence, or alternatively, "anything that will keep him in prison for the rest of his life." Instead, however, the jury selected a 70-year sentence, which under the instructions given would have made Stewart eligible for parole after 49 years, or at age 96.
 
 See
 

 Weeks v. Angelone
 
 ,
 
 528 U.S. 225
 
 , 234,
 
 120 S.Ct. 727
 
 ,
 
 145 L.Ed.2d 727
 
 (2000) ("A jury is presumed to follow its instructions."). It turns out Stewart is not eligible for parole at all, and the jury unwittingly imposed a sentence of 70 years without parole. This means Stewart will be released from prison only if he lives to be 117 years old.
 

 To establish prejudice, Stewart must show "a reasonable probability that, but for counsel's unprofessional errors, the result
 of the proceeding would have been different."
 
 Strickland
 
 ,
 
 466 U.S. at 694
 
 ,
 
 104 S.Ct. 2052
 
 . "A reasonable probability is a probability sufficient to undermine confidence in the outcome."
 

 Id.
 

 Under this standard, I think there is a reasonable probability that, properly instructed, the same jury that believed it was giving Stewart a 70-year-
 
 with
 
 -parole sentence would impose something other than the 70-year-
 
 without
 
 -parole sentence he is actually serving.
 
 Cf.
 

 Rummel v. Estelle
 
 ,
 
 445 U.S. 263
 
 , 281,
 
 100 S.Ct. 1133
 
 ,
 
 63 L.Ed.2d 382
 
 (1980) ("If nothing else, the possibility of parole, however slim, serves to distinguish [a parole-eligible defendant] from a person sentenced" to life without parole);
 
 Hill v. Lockhart
 
 ,
 
 894 F.2d 1009
 
 , 1010 (8th Cir. 1990) (en banc);
 
 Savage v. State
 
 , No. CR 06-526,
 
 2007 WL 538990
 
 , at *2-3 (Ark. 2007) (unpublished per curiam). The jury declined to impose a life-without-parole sentence, and chose a lengthy prison term instead. And, had the jury wanted to make sure that Stewart would be in prison until he was 117 years old, it would have imposed a 100-year sentence, which under the erroneous instruction would have rendered him ineligible for parole until then.