PER CURIAM.
¶1 Edith May appeals from a judgment of conviction and an order denying her postconviction motion. She contends that she is entitled to withdraw her guilty pleas. We disagree and affirm.
¶2 May was convicted following guilty pleas to burglary, armed robbery, and attempted armed robbery, all as a repeater. The charges stemmed from a series of crimes that May committed in Kenosha over the course of several months. The circuit court sentenced her to a total of six years of initial confinement and five years of extended supervision.
¶3 May subsequently filed a postconviction motion seeking to withdraw her guilty pleas. In it, she accused her trial counsel of ineffective assistance for erroneously advising her that there was no basis for filing a suppression motion. She also faulted the circuit court for failing to inform her that by pleading guilty, she was giving up the right to raise a suppression issue. After a hearing on the matter, the circuit court denied the motion. This appeal follows.
¶4 On appeal, May renews her claim that she is entitled to withdraw her guilty pleas. A defendant who seeks to withdraw a plea after sentencing must prove by clear and convincing evidence that withdrawal is necessary to avoid a manifest injustice. See State v. Taylor , 2013 WI 34, ¶24, 347 Wis. 2d 30, 829 N.W.2d 482. One way to show a manifest injustice is to demonstrate that a defendant's counsel rendered ineffective assistance. Id. , ¶49. A manifest injustice also occurs when a plea was not knowingly, voluntarily, and intelligently entered. Id. , ¶24.
¶5 There are two methods by which courts typically review motions to withdraw a plea after sentencing. One method, based on State v. Bentley , 201 Wis. 2d 303, 548 N.W.2d 50 (1996), applies when the defendant seeks withdrawal based upon a factor extrinsic to the plea colloquy. The other method, based on State v. Bangert , 131 Wis. 2d 246, 389 N.W.2d 12 (1986), applies when the defendant's motion alleges a defect in the plea colloquy. In this case, May's postconviction motion contained both Bentley and Bangert claims.
¶6 We begin our analysis with May's Bentley claim that her trial counsel was ineffective. Again, May accuses her counsel of ineffective assistance for erroneously advising her that there was no basis for filing a suppression motion. According to May, there was such a basis because police exceeded the scope of a warrant in the search of her residence, which resulted in the discovery of cocaine and her arrest for possession of cocaine.[1]
¶7 To prevail on an ineffective assistance claim, a defendant must show that counsel's performance was both deficient and prejudicial. Strickland v. Washington , 466 U.S. 668, 687 (1984). To show prejudice in the context of a request for plea withdrawal, a defendant must demonstrate "that there is a reasonable probability that, but for the counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Bentley , 201 Wis. 2d at 312 (quoting Hill v. Lockhart , 474 U.S. 52, 59 (1985) ).
¶8 Our review of an ineffective assistance claim presents a mixed question of fact and law. State v. Erickson , 227 Wis. 2d 758, 768, 596 N.W.2d 749 (1999). We uphold the circuit court's findings of fact unless they are clearly erroneous. Id. However, the ultimate determinations of whether counsel's performance was deficient and prejudicial are questions of law that we review de novo. Id.
¶9 The State had substantial evidence supporting the crimes to which May pled guilty. This included security footage implicating May in both the burglary and armed robbery. It also included footprints of the perpetrator of the attempted armed robbery leading to May's residence. In addition, May confessed to all three crimes following her lawful arrest.[2] Because there is no basis to suppress this evidence, there is no reasonable probability that, but for counsel's alleged error, May would not have pleaded guilty and would have insisted on going to trial.
¶10 We turn next to May's Bangert claim, which involves an alleged defect in the plea colloquy. May complains that the circuit court failed to inform her that by pleading guilty, she was giving up the right to raise a suppression issue.
¶11 To help ensure that a defendant's plea is knowing, voluntary, and intelligent, the circuit court must perform certain statutory and court-mandated duties on the record during the plea hearing. Taylor , 347 Wis. 2d 30, ¶31. If the defendant believes that the circuit court did not fulfill those duties, the defendant may seek plea withdrawal based on the alleged deficiencies in the colloquy pursuant to Bangert . Taylor , 347 Wis. 2d 30, ¶32.
¶12 A defendant moving for plea withdrawal pursuant to Bangert must both (1) make a prima facie showing that the plea colloquy was defective because the circuit court failed to fulfill its duties and (2) allege that the defendant did not know or understand the information that should have been provided at the plea hearing. Taylor , 347 Wis. 2d 30, ¶32. Whether a defendant has established a defect in the plea colloquy is a question of law that we review de novo. State v. Brown , 2006 WI 100, ¶21, 293 Wis. 2d 594, 716 N.W.2d 906.
¶13 We are not convinced that May has established a defect in the plea colloquy in this case. Neither statute nor case law requires a circuit court to inform a defendant that by pleading guilty, the defendant is giving up the right to raise a suppression issue. Indeed, such information would be technically incorrect. Although a defendant generally forfeits all nonjurisdictional defects when pleading guilty, WIS. STAT. § 971.31(10) (2017-18)[3] creates an exception to this rule for appellate review of an order denying a suppression motion. See State v. Scull , 2015 WI 22, ¶15 n.2, 361 Wis. 2d 288, 862 N.W.2d 562. Thus, May's inability to directly raise a suppression issue on appeal resulted not from her guilty pleas by rather from her failure to litigate a suppression motion.
¶14 For these reasons, we conclude that May has not met her burden of proving that plea withdrawal is necessary to avoid a manifest injustice. Accordingly, we affirm.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

Police obtained a warrant to search May's residence for evidence relating to the attempted armed robbery (i.e., shoes with a distinctive sole pattern, a dark colored hooded sweatshirt, a facemask, and a handgun). During the search, police discovered cocaine inside the disk drawer of a CD player.

May confessed to police after they arrested her for possession of cocaine and burglary. Although she challenges the validity of her possession arrest, she does not challenge the validity of her burglary arrest.

Wisconsin Stat. § 971.31(10) provides that "[a]n order denying a motion to suppress evidence ... may be reviewed upon appeal from a final judgment or order notwithstanding the fact that the judgment or order was entered upon a plea of guilty or no contest to the information or criminal complaint." All references to the Wisconsin Statutes are to the 2017-18 version.