COURT OF APPEALS
DECISION
DATED AND FILED

**January 3, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP182-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2016CF4866**

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

     PLAINTIFF-RESPONDENT,

  V.

RODNEY RICHARDO KING,

     DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Affirmed*.

Before Brash, P.J., Kessler and Dugan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. Rodney Richardo King appeals a judgment convicting him of one count of second-degree sexual assault and one count of possession of narcotics. King also appeals an order denying his postconviction motion seeking plea withdrawal. He argues that he received ineffective assistance of counsel because his trial counsel promised him that he would receive a five-year term of initial confinement. We affirm.

¶2      King was charged with two counts of second-degree sexual assault, one of which involved an unconscious victim, one count of strangulation and suffocation, one count of false imprisonment with use of a dangerous weapon, and one count of possession of narcotics. The charges stemmed from two separate incidents and involved different victims, T.K. and J.M. Pursuant to a plea agreement, King pled guilty to one count of second-degree sexual assault as to T.K. and one count of possession of narcotics. He was sentenced to sixteen years of initial confinement and ten years of extended supervision for the sexual assault. He was sentenced to a concurrent term of fourteen months of initial confinement and fourteen months of extended supervision for possession of narcotics.

¶3      King moved for postconviction relief, arguing that he should be allowed to withdraw his pleas. The circuit court denied the motion as inadequately pled. King then filed a supplemental postconviction motion that fleshed out his allegations and provided additional supporting material. The circuit court again denied the motion without a hearing.

¶4      "When a defendant seeks to withdraw a guilty plea after sentencing, he must prove, by clear and convincing evidence, that a refusal to allow withdrawal of the plea would result in manifest injustice." *State v. Taylor*, 2013 WI 34, ¶24, 347 Wis. 2d 30, 829 N.W.2d 482 (internal quotation marks omitted;

citation omitted). A manifest injustice occurs if the defendant was denied the effective assistance of counsel. *State v. Dillard*, 2014 WI 123, ¶84, 358 Wis. 2d 543, 859 N.W.2d 44. A defendant receives ineffective assistance of counsel if counsel's performance is deficient and the deficient performance prejudices the defense. *State v. Bentley*, 201 Wis. 2d 303, 312, 548 N.W.2d 50 (1996). Where, as here, a defendant contends that he would have gone to trial but for a misrepresentation by his trial counsel, the defendant must explain with specificity *why* he would have gone to trial. *Id.* at 314-16.

¶5 King argues that his trial counsel misrepresented the consequences of pleading guilty because counsel unequivocally promised that King would receive five years of initial incarceration if he entered his pleas. King further contends that he would not have pled guilty but for the promise of a five-year sentence because he did not sexually assault one of the victims, T.K.

¶6 Assuming for the sake of argument that King's counsel unequivocally promised King that he would receive a five-year sentence, King has not shown that he was prejudiced. During the plea colloquy, the circuit court clearly informed King that he could receive up to forty-three and one-half years of imprisonment for the two charges and King twice acknowledged that he understood this information. The circuit court warned King that it was not bound by the plea agreement, and King said that he understood. King indicated that no one had made any promises to him to induce him to enter his guilty pleas. King also reviewed and signed a plea questionnaire and waiver of rights form that explained that he could receive up to the maximum of forty-three and one-half years of imprisonment for the two charges. King's claim that he was guaranteed that he would be sentenced to only five years of initial confinement based on counsel's alleged promise is directly contradicted by the record.

¶7      Moreover, King's claim that he would have gone to trial if he thought he would receive more than five years of initial incarceration is not adequately explained in light of the facts. Had King gone to trial, he would have faced a possible sentence of ninety-nine years in prison. There was strong evidence of King's guilt, including DNA evidence to support the sexual assault that was dismissed pursuant to the plea agreement. King's assertion that he would not have gone to trial because he did not sexually assault T.K. fails to address the charges related to the second victim, J.M., and does not explain *why* King would have risked a jury trial on all five charges in light of the evidence against him and the lengthy prison term he would have faced. Therefore, King has not demonstrated a reasonable probability that, but for the alleged promise, he would have gone to trial. *See id.* at 316. ("Without facts to support his allegation that he pled guilty only because of the misinformation, [the defendant's] allegation amounts to merely a self-serving conclusion."). The circuit court properly denied King's motion without a hearing because he did not make a sufficient allegation of prejudice.

        *By the Court*.—Judgment and order affirmed.

        This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).