State of Wisconsin, Plaintiff-Respondent,
v.
Christopher L., Defendant-Appellant.
No. 04-0135-CR.
Court of Appeals of Wisconsin.
Opinion Filed: December 28, 2004.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶1 PER CURIAM.
Christopher L. appeals an order denying his postconviction motion in which he alleged his constitutional rights to due process and confrontation were violated due to inadequate accommodation of his hearing impairment. The trial court denied the motion without a hearing. Because we conclude that Christopher's motion presented sufficient specific facts to entitle him to a hearing, we reverse the order and remand for an evidentiary hearing.[1]
¶2 Christopher was charged with repeated acts of sexually assaulting his stepdaughter. Before trial, he notified the court that he had a hearing impairment and requested an interpreter. Citing financial concerns, the trial court asked Christopher to try the Assisted Learning System (ALS). Christopher did not report any additional hearing problem until he filed his postconviction motion.
¶3 At trial, the State's primary witness was the victim who testified that Christopher repeatedly assaulted her. The State also presented other acts evidence that Christopher beat his stepdaughter with a belt, explaining her willingness to comply with his orders and her reluctance to report the assaults. Christopher denied that he assaulted the child. During cross-examination by the prosecutor, the following exchange took place:
Q. Did you ever discipline your daughter by striking her with a belt?
A. Not during these allegations, no.
....
Q. Did you beat your daughter with a belt ever?
A. No.
¶4 In her closing argument, the prosecutor urged the jury to resolve the credibility dispute between Christopher and the victim in part based on Christopher's inconsistent answers about beating her with a belt. In his postconviction motion, Christopher argues that he did not correctly hear the prosecutor's question and that he was substantially prejudiced by the apparent inconsistency that was actually caused by his hearing impairment.
¶5 The trial court denied Christopher's motion without an evidentiary hearing. It determined that a hearing was not necessary because Christopher has submitted a hearing evaluation as an exhibit and an evidentiary hearing would not assist the court in determining Christopher's ability to hear. The court found that Christopher's hearing impairment did not affect his ability to hear the proceedings based on Christopher's willingness to use the ALS device, his failure to inform the court during the trial that he was having trouble hearing, his apparent confidence throughout the proceedings and willingness to speak up if he was having trouble hearing and the fact that he appeared to hear every question and answer.
¶6 The trial court must hold an evidentiary hearing when a defendant makes a legally sufficient postconviction motion. See State v. Allen, 2004 WI 106, ¶12, 274 Wis. 2d 568, 682 N.W.2d 433. A court may deny a motion without an evidentiary hearing in three situations: (1) if the facts alleged in the motion, assuming them to be true, do not warrant relief; (2) if one or more key factual allegations are conclusory; or (3) if the record conclusively demonstrates that the moving party is not entitled to relief. See State v. Bentley, 201 Wis. 2d 303, 310, 548 N.W.2d 50 (1996). An evidentiary hearing is needed to resolve most credibility issues. See State v. Hampton, 2002 WI App 293, ¶25, 259 Wis. 2d 455, 655 N.W.2d 131 (aff'd 2004 WI 107, 274 Wis. 2d 379, 683 N.W.2d 14).
¶7 If all of the facts alleged in Christopher's motion are true, they establish potential grounds for relief. The trial court's reasons for denying the motion relate to Christopher's general ability to hear at trial. If he wrongly believed that he could hear a question, he would answer the question rather than report difficulty hearing. His seemingly inconsistent answers given within moments of each other create a plausible claim that Christopher did not hear one of the questions correctly. These allegations, if true, satisfy the minimal requirements for an evidentiary hearing by setting out the material facts that would entitle him to relief. Allen, 274 Wis. 2d 568, ¶23.
¶8 Christopher's factual allegations, while not as specific as they could be, are not merely conclusory. He requested an interpreter before trial and was willing to use the ALS system as an alternative. He gave inconsistent answers to the prosecutor's questions that may have been due to his inability to hear the questions. The prosecutor stressed his inconsistent answers in her closing argument as a means for the jury to resolve the crucial credibility questions. The motion could have been more specific by indicating how and when Christopher discovered that he did not correctly hear the prosecutor's question, what he thought the question was, and how he would have answered the question if he had correctly heard it. While this information is significant to determine whether he is entitled to a new trial, it is the type of information that should be presented at the evidentiary hearing. His motion alleged sufficient specific facts to entitle him to present that evidence.
¶9 The record does not conclusively show that Christopher is not entitled to relief. The credibility of Christopher and his accuser were the central issues at trial. If the court ultimately finds that due to the absence of an interpreter, Christopher was unable to hear one of the prosecutor's questions about using the belt, Christopher may be entitled to a new trial upon proof of prejudice by showing how he would have answered the question had he heard it correctly and whether that answer was likely to change the result.
By the Court.  Order reversed and cause remanded.
NOTES
[1] Christopher also appeals the judgment of conviction and raises other issues that relate to the judgment. Because we remand for an evidentiary hearing on his postconviction motion, we will not address the other issues.