PER CURIAM.
¶1 Christopher Pocknell seeks plea withdrawal. He argues that the undisputed failure of the circuit court to comply with WIS. STAT. § 971.08(1)(c)[1] during the plea colloquy was not harmless error, an analysis that applies under State v. Fuerte , 2017 WI 104, 378 Wis. 2d 504, 904 N.W.2d 773. Pocknell also argues that he is entitled to plea withdrawal because his trial counsel rendered ineffective assistance with respect to his pleas by failing to adequately advise Pocknell of the consequences of his pleas. We reject both arguments and affirm.
Background
¶2 Pocknell was born in the United Kingdom and moved to the United States in 1993. He did not become a citizen, but was here legally on a "green card" starting in 2001.
¶3 In 2009, Pocknell was convicted of felony stalking.
¶4 In 2012, Pocknell was charged in the instant case with stalking, two counts of battery as a repeater, two counts of disorderly conduct as a repeater, possession of a firearm by a felon, and possession of a firearm contrary to an injunction. That same year, pursuant to a plea agreement, some charges were dropped and Pocknell pled guilty to the felon-in-possession-of-a-firearm charge and the possession-of-a-firearm-contrary-to-an-injunction charge. During the plea colloquy, the circuit court failed to read Pocknell the advisement found in WIS. STAT. § 971.08(1)(c).
¶5 Pocknell was sentenced to two years of initial confinement and two years of extended supervision for the felon-in-possession charge and four years of probation, consecutive, for the possession-of-a-firearm-contrary-to-an-injunction charge. While Pocknell was in prison, the Department of Homeland Security commenced deportation proceedings.
¶6 In 2016, Pocknell filed a motion seeking plea withdrawal based on the allegation that the circuit court failed to comply with WIS. STAT. § 971.08(1)(c) because the court did not advise Pocknell of the possible deportation, admission, and naturalization consequences of his pleas. Pocknell also alleged ineffective assistance of trial counsel based on the allegation that his trial counsel failed to advise Pocknell that his pleas made him automatically deportable and rendered him ineligible for readmission to the United States if deported.
¶7 The circuit court held an evidentiary hearing at which Pocknell and his trial counsel testified. We summarize that testimony as needed in our discussion below.
¶8 The circuit court denied Pocknell's postconviction motion. The circuit court concluded that it had complied with WIS. STAT. § 971.08(1)(c) and that trial counsel's performance was not deficient. Pocknell appealed, and briefs were filed. However, on June 21, 2017, this case was placed on hold pending Fuerte , 378 Wis. 2d 504. We directed the parties to file replacement briefs in light of Fuerte , and now decide the appeal.
Discussion
I. Whether the Flawed Colloquy Was Harmless
¶9 The State concedes that the circuit court failed to comply with WIS. STAT. § 971.08(1)(c) during the plea colloquy by failing to address Pocknell personally and advise him: "If you are not a citizen of the United States of America, you are advised that a plea of guilty or no contest for the offense with which you are charged may result in deportation, the exclusion from admission to this country or the denial of naturalization, under federal law." See id. This error, however, is subject to a harmless error analysis. See Fuerte , 378 Wis. 2d 504, ¶¶32, 36 & n.15.
¶10 Before discussing harmless error, we pause to address the circuit court's belief that it complied with the statutory directive.
¶11 Although the circuit court concluded that its plea colloquy regarding the deportation/admission/naturalization advisement was sufficient, the court also acknowledged that we might disagree, and stated that "it would be great for [the court of appeals] to clarify" whether the colloquy was or was not sufficient. Accordingly, we explain why the colloquy was not sufficient.
¶12 In State v. Garcia , 2000 WI App 81, 234 Wis. 2d 304, 610 N.W.2d 180, we wrote that WIS. STAT. § 971.08(1)(c)"commands" that a court "must personally say to [a] defendant ... the language ... bracketed by quotation marks" in the statute. Garcia , 234 Wis. 2d 304, ¶16. It is true that what a court personally says to a defendant may contain linguistic differences, so long as the differences do "not alter the meaning of the warning in any way." See State v. Mursal , 2013 WI App 125, ¶¶16, 18-20, 351 Wis. 2d 180, 839 N.W.2d 173. Still, what the circuit court says must be "personally" said.
¶13 Here, the circuit court seems to have reasoned that it did not need to read the advisements to Pocknell if it otherwise personally confirmed Pocknell's understanding. More specifically, the circuit court seemed to reason that it was sufficient if, during the plea colloquy: (1) Pocknell had the plea questionnaire form in front of him; (2) the court directed Pocknell's attention to the deportation/admission/naturalization advisement in the form; (3) the court asked Pocknell if he understood the advisement; and (4) Pocknell answered yes to that question. Such an approach addresses Pocknell's understanding, and would be relevant to whether the error is harmless, but it does not comply with the statutory directive in the first instance that the court "[a]ddress the defendant personally and advise the defendant." See WIS. STAT. § 971.08(1)(c).
¶14 Having provided clarification, we turn to whether the error here was harmless.
¶15 The parties' harmless error discussions of the law and the facts here are extensive and complicated. We need not, however, dwell on the particulars of most of those arguments because, we conclude, one of the State's harmless error arguments is the same as the harmless error argument our supreme court accepted in Fuerte .
¶16 The Fuerte court provided the following stand-alone reason for why the failure of the circuit court in that case to comply with WIS. STAT. § 971.08(1)(c) was harmless:
[D]efense counsel testified at the plea withdrawal hearing that he went over the Plea Questionnaire/Waiver of Rights form in Spanish with Reyes Fuerte. The form contains language substantially similar to that of Wis. Stat. § 971.08(1)(c).
Fuerte , 378 Wis. 2d 504, ¶38. On this basis alone, the Fuerte court concluded: "Reyes Fuerte had actual knowledge of the potential immigration consequences of his plea and thus the circuit court's errors were harmless." Id.
¶17 The same is true here. Pocknell's trial counsel testified at the postconviction hearing that he went over the plea questionnaire and waiver of rights form with Pocknell. And, it is undisputed that the deportation/admission/ naturalization advisement in the form is substantially similar to the advisement in WIS. STAT. § 971.08(1)(c).[2]
¶18 Pocknell attempts to distinguish Fuerte , but his arguments effectively require us to accept as true assertions that Pocknell made when he testified at the postconviction hearing. In particular, Pocknell points to his testimony about his interaction with his trial counsel when, prior to the plea hearing, counsel went over the plea questionnaire with Pocknell. Pocknell asks us to (1) accept his testimony as true, and (2) interpret his testimony as an assertion that his trial counsel inadequately summarized the deportation/admission/ naturalization advisement in the questionnaire. We decline for two reasons. First, Pocknell's testimony is ambiguous. Pocknell describes some of the interaction, but never says that his trial counsel did not read the deportation/admission/ naturalization advisement to him. Second, accepting as true an interpretation of Pocknell's testimony favorable to him would not only require us to engage in fact-finding, but also be fact-finding that runs counter to the circuit court's apparent view that Pocknell was not a credible witness. We acknowledge that the circuit court did not make a credibility finding with respect to this part of Pocknell's testimony, but the court's overall oral ruling leaves little doubt about where the court would have come down if asked to weigh in on this specific topic.
¶19 In sum, we conclude that the circuit court's failure to comply with WIS. STAT. § 971.08(1)(c) was harmless error.
II. Whether Trial Counsel Provided Ineffective Assistance With Respect to Advice Regarding Possible Deportation Consequences
¶20 In the alternative, Pocknell contends that he is entitled to plea withdrawal because his trial counsel rendered ineffective assistance with respect to Pocknell's pleas. See State v. Howell , 2007 WI 75, ¶74, 301 Wis. 2d 350, 734 N.W.2d 48 (plea withdrawal is an appropriate remedy if a defendant demonstrates "that some factor extrinsic to the plea colloquy, like ineffective assistance of counsel ..., renders a plea infirm"). A defendant alleging ineffective assistance of counsel has the burden of showing that his counsel's performance was deficient and that he or she suffered prejudice as a result. Strickland v. Washington , 466 U.S. 668, 687 (1984).
¶21 The parties dispute whether Pocknell's trial counsel performed deficiently, but we need not resolve that issue. Rather, we affirm because Pocknell failed to show prejudice.
¶22 Demonstrating prejudice in this plea context means proving " 'a reasonable probability that, but for the counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.' " State v. Bentley , 201 Wis. 2d 303, 312, 548 N.W.2d 50 (1996) (quoting Hill v. Lockhart , 474 U.S. 52, 59 (1985) ). For purposes of assessing Pocknell's proof, we will assume, as Pocknell argues, that his trial counsel was required, but failed, to advise Pocknell that there was a strong possibility of deportation and that, if Pocknell was deported, there was a strong possibility that he could not be readmitted to the United States. Thus, the prejudice question here is whether Pocknell proved at the postconviction hearing that, had he been given this advice, he would not have pled to the charges and would have instead insisted on going to trial. We conclude that Pocknell did not meet this burden.
¶23 At the postconviction hearing, Pocknell testified that, had he received the proper advice, he would not have pled to the charges and would have instead taken his "chances at trial." Pocknell gave multiple reasons for why the circuit court should believe him, the primary reason being his concern that deportation would interfere with his relationship with his three children, who would remain in the United States. The circuit court, however, expressly found that Pocknell was not credible on this topic. Further, the only reasonable reading of the circuit court's oral ruling in this respect is that the court found that, regardless what Pocknell was told by his trial counsel, Pocknell thought at the time, based on his own experience, that it was unlikely that convictions would lead to deportation.
¶24 The State argues that this factual finding regarding Pocknell's credibility is dispositive. Pocknell's contrary arguments amount to little more than discussing reasons for why the circuit court should have believed him. However, we may not disregard a circuit court's credibility finding simply because there are reasons in the record to doubt whether the circuit court got it right. See State v. Daniels , 117 Wis. 2d 9, 17, 343 N.W.2d 411 (Ct. App. 1983) ("An appellate court will only substitute its judgment for that of the trier of fact [regarding credibility determinations when the evidence is] inherently or patently incredible-that kind of evidence which conflicts with nature or with fully established or conceded facts.").
¶25 It follows that Pocknell failed to prove prejudice and that we must reject his ineffective assistance of counsel argument.
Conclusion
¶26 For the reasons above, we affirm.
By the Court. -Judgments and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2017-18 version. For ease of reference, we cite to the current version because there have been no changes to the relevant language.

The plea questionnaire form that Pocknell signed stated: "I understand that if I am not a citizen of the United States, my plea could result in deportation, the exclusion of admission to this country, or the denial of naturalization under federal law."