**COURT OF APPEALS
DECISION
DATED AND FILED**

**September 9, 2022**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2021AP1748-CR**

Cir. Ct. No.  **2016CF584**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

MICHAEL J. MORGAN,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Columbia County:  TODD J. HEPLER, Judge.  *Affirmed*.

Before Blanchard, P.J., Fitzpatrick, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Michael Morgan appeals a judgment of conviction and an order denying his motion for postconviction relief. The issue is whether he is entitled to withdraw his guilty pleas. We conclude that he is not, and therefore we affirm.

¶2 Morgan pled no contest to one count of first-degree recklessly endangering safety and one count of pointing a firearm at a law enforcement officer. In his postconviction motion he moved to withdraw those pleas. The circuit court held an evidentiary hearing and denied the motion in a written decision.

¶3 Morgan's arguments fail because they lack specifics about any valid basis to withdraw his pleas. This vagueness begins with his postconviction motion. The motion alleges that his trial counsel's efforts to prepare him for a potential plea hearing were "deficient and did not allow Morgan to understand the charges to which he pled," and that due to mental health issues and a learning disability he did not understand "the plea offer, the process, and the court's colloquy." However, the motion never specifies any particular topic that Morgan did not understand regarding any aspect of the pleas or the process used by the court.

¶4 Instead, the motion continues with vague allegations about Morgan being "confused," not understanding "the complex legal terms," and being "unable to process all that was going on in court." Attached to the motion is an affidavit by Morgan that is similarly vague. Its most specific averment is that Morgan would not have entered his pleas "if [he] had understood what was at stake, the elements of the offense, [his] constitutional rights, [and] possible defenses." But the affidavit does not identify anything specific that he did not understand.

¶5 If a circuit court fails to perform one of the required plea colloquy duties, and the defendant's postconviction motion alleges that he did not understand

the information that the court failed to provide, the defendant is entitled to an evidentiary hearing at which the burden shifts to the State to prove by clear and convincing evidence that the defendant nonetheless understood the information. *State v. Howell*, 2007 WI 75, ¶¶27-30, 301 Wis. 2d 350, 734 N.W.2d 48. Morgan's postconviction motion makes vague criticisms of the plea colloquy, such as that it "was not thorough enough," but it does not identify any specific colloquy duty that was not complied with. His argument on appeal also does not make any such claim. Therefore, Morgan is not entitled to a hearing at which the State would have the burden of proof.

¶6 If there was no plea colloquy defect, a defendant might be entitled to an evidentiary hearing if his postconviction motion alleges facts which, if true, would entitle him to relief. *State v. Bentley*, 201 Wis. 2d 303, 310, 548 N.W.2d 50 (1996); *see also Howell*, 301 Wis. 2d 350, ¶77 n.51 ("an evidentiary hearing is not mandatory if the record as a whole conclusively demonstrates that defendant is not entitled to relief, even if the motion alleges sufficient nonconclusory facts"). However, the factual allegations must be specific enough to allow the court to meaningfully assess the claim. *Bentley*, 201 Wis. 2d at 313-14. Here, it is at least questionable whether Morgan was entitled to an evidentiary hearing based on the factual allegations in his postconviction motion. As we have described, these allegations are vague and fail to identify any specific information that he did not understand.

¶7 However, the State does not argue on appeal that this would have been a proper basis to deny the postconviction motion, and therefore we need not decide this point. Instead we turn to the hearing that was held, at which Morgan had the burden of proof. We accept the circuit court's factual findings from that hearing

3

unless they are clearly erroneous. *See **State v. Pitsch***, 124 Wis. 2d 628, 633-34, 369 N.W.2d 711 (1985).

¶8     Based on the evidence presented at the hearing, the circuit court found that Morgan was not confused at the plea hearing. The court also noted the extensive contact that his trial counsel testified she had with Morgan before the plea, and counsel's testimony that she believed that Morgan understood the process.

¶9     On appeal, Morgan only briefly acknowledges the circuit court's findings. Instead he relies mainly on those parts of the testimony that he believes support his argument. However, even if we were inclined to rely on Morgan's descriptions of the facts, his argument would still fail, because Morgan's version of the facts on appeal continues to be as vague as the allegations in his postconviction motion. Morgan's brief repeats many of the same vague allegations contained in his postconviction motion, and fails to clearly identify any specific information that he did not understand.

¶10     Accordingly, we conclude that Morgan has not established that the circuit court's finding about his understanding was clearly erroneous, and therefore Morgan did not prove that his plea was not entered knowingly, voluntarily, and intelligently.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).

4