COURT OF APPEALS
DECISION
DATED AND FILED

February 12, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2023AP238-CR**
**2023AP239-CR**
**2023AP240-CR**
STATE OF WISCONSIN

Cir. Ct. Nos. 2015CF532
2015CF554
2016CF747

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

 PLAINTIFF-RESPONDENT,

 V.

MARKELL LAVELL HOGAN,

 DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Sheboygan County: ANGELA W. SUTKIEWICZ, Judge. *Affirmed*.

Before Gundrum, P.J., Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Markell Lavell Hogan appeals from judgments of conviction and an order denying postconviction relief. He raises three issues: (1) he received ineffective assistance of counsel; (2) the prosecutor breached the plea agreement, thereby engaging in misconduct; and (3) he was prejudiced at sentencing because the circuit court incorrectly believed he was on bond at the time he committed one of the assaults, which was dismissed and read in at sentencing. We resolve these issues against Hogan. Accordingly, we affirm.

¶2 The State charged Hogan with five counts of battery by a prisoner and one count of felony bail jumping for assaulting four correctional officers and another inmate at the Sheboygan County Jail while he was awaiting trial on human trafficking charges. Hogan initially pled not guilty by reason of insanity (NGI), relying on an evaluation by Dr. Anthony Jurek, who opined that an untreated mental disorder influenced Hogan's actions. Several years later, and after Hogan received treatment, Hogan withdrew his NGI plea and entered into a plea agreement. Under that agreement, he pled no contest to five counts of battery by a prisoner, and the State dismissed the bail-jumping charge, though it was read in at sentencing.

¶3 At sentencing, the State recommended consecutive sentences of one year of initial confinement and one year of extended supervision for each of the five battery-by-prisoner counts, consistent with the plea agreement. The circuit court rejected the State's recommendation and imposed a longer sentence based on the gravity of Hogan's actions, the harm he caused to those he assaulted, and the need for deterrence. The court imposed three years of initial confinement and three years of extended supervision on each count, to run consecutively.

¶4    Hogan then moved to withdraw his plea or for resentencing, arguing that he received ineffective assistance of counsel. After conducting evidentiary hearings, the circuit court denied Hogan's motion, concluding that Hogan was not credible and counsel had not performed deficiently. Hogan appeals.

## INEFFECTIVE ASSISTANCE OF COUNSEL

¶5    Hogan first argues that his trial counsel was ineffective for failing to prepare and present an NGI defense. To prevail, Hogan must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Beauchamp*, 2010 WI App 42, ¶15, 324 Wis. 2d 162, 781 N.W.2d 254.

¶6    The circuit court found, as a matter of fact, that Hogan explicitly rejected pursuing an NGI defense, telling his counsel that he did not want to risk institutionalization. The court found that counsel's testimony on this point was credible, and the court concluded that not pursuing an NGI defense was consistent with Hogan's wishes. *See State v. Francis*, 2005 WI App 161, ¶23, 285 Wis. 2d 451, 701 N.W.2d 632 (defendant, not counsel, decides whether to withdraw an NGI plea). We uphold the circuit court's findings of fact where, as here, they are not clearly erroneous. *See State v. VanBeek*, 2021 WI 51, ¶22, 397 Wis. 2d 311, 960 N.W.2d 32. Because counsel withdrew Hogan's NGI plea at Hogan's direction, we conclude that counsel's performance in doing so was not deficient.

¶7    Hogan next argues that counsel was ineffective for failing to argue at sentencing that Dr. Jurek had opined that Hogan's offenses stemmed from an untreated mental disorder. Counsel testified that he did not believe that it was necessary to mention Dr. Jurek's report because it had been filed and included in

3

the record, and he knew the court routinely read the documents in the record before sentencing. Counsel further explained that he did not think he had an obligation to remind the court of a document that was already in the record that he knew the court to be aware of from prior proceedings and from a related case involving Hogan. In addition, the circuit court stated at the outset of the hearing that it was aware of the reports that had been filed in this case. We conclude that counsel reasonably determined that reiterating information already known to the court was unnecessary. *See Strickland*, 466 U.S. at 690 (strategic decisions, if reasonable, do not constitute deficient performance). Hogan has not shown that counsel performed deficiently.

¶8 Furthermore, the circuit court emphasized at sentencing that it decided to exceed the State's recommendation due to the violence and dangerousness of Hogan's conduct, the terrible impact Hogan's crimes had on the victims, and the need to protect the public. Therefore, we conclude that there is no reasonable probability that, had counsel discussed one of Dr. Jurek's reports at sentencing, the result of the sentencing would have been different. *See State v. Bentley*, 201 Wis. 2d 303, 312, 548 N.W.2d 50 (1996) (requiring a reasonable probability of a different outcome for prejudice). Hogan has not shown that he was prejudiced.

¶9 Hogan next contends that counsel should have objected to comments made by Sergeant Mark Richter at sentencing, describing him as "evil" and "conniving." Sergeant Richter was the supervisor of some of the men who Hogan injured. Counsel explained that he did not object because he believed that Sergeant Richter should be allowed to explain how Hogan's actions affected his employees and the work environment in the prison. Counsel further testified that

he preferred to rebut those remarks in argument, where he could show Hogan in a different light, explaining that he rebutted the accusations by showing a more balanced picture of who Hogan is. Counsel's decision falls within the wide range of professionally competent assistance. *Strickland*, 466 U.S. at 690. Moreover, statements about Hogan's character and the seriousness of his offenses are permissible at sentencing. *See State v. Gallion*, 2004 WI 42, ¶23, 270 Wis. 2d 535, 678 N.W.2d 197. Therefore, we reject this claim.

## PLEA AGREEMENT BREACH/PROSECUTORIAL MISCONDUCT

¶10     Hogan contends that Sergeant Richter's comments at sentencing breached the State's plea agreement and amounted to prosecutorial misconduct. This argument is unpersuasive for two reasons. First, the State fulfilled its own obligation under the plea agreement by recommending one year of initial confinement and one year of extended supervision on each count. *See State v. Williams*, 2002 WI 1, ¶37, 249 Wis. 2d 492, 637 N.W.2d 733 (explaining the State's duty in plea agreements). Second, a person speaking at sentencing about the impact of a defendant's crimes is not bound by the plea agreement, so long as the prosecutor's own recommendation remains consistent with the agreement. Sergeant Richter's statements were independent of the prosecutor and were based on his experience with Hogan. We conclude that they did not constitute a covert attempt by the prosecutor to undermine the agreed-upon recommendation. *See id.*, ¶42. Hogan offers no developed argument to the contrary, and we decline to address undeveloped arguments. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

5

**ACCURACY OF HOGAN'S BOND STATUS**

¶11 Finally, Hogan challenges the circuit court's reference at sentencing to the fact that he was on bond at the time he committed the read-in offense. Hogan argues that he was not released on bond in that case because he refused to sign the signature bond. Regardless of whether Hogan was on bond in the case—an issue we need not decide—Hogan *was* out on other felony bonds when he committed some of the assaults; therefore, circuit court's statement was essentially accurate. To the extent that the circuit court's statement was imprecise, any error was harmless because there is no reasonable possibility that it had any effect on the sentencing. *See State v. Harvey*, 2002 WI 93, ¶40, 254 Wis. 2d 442, 647 N.W.2d 189 (the test for harmless error is whether there is a reasonable possibility that the error contributed to the outcome). As we explained above, the circuit court's sentencing decision was based primarily on Hogan's violent actions toward his multiple victims and the grave impact his assaults had on the victims. Similarly, to the extent Hogan attempts to frame this argument as a claim of ineffective assistance of counsel for failing to object to the court's sentencing remarks, there is no reasonable probability of a different sentencing outcome had counsel objected. *See Strickland*, 466 U.S. at 694. Therefore, we reject this argument.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5 (2021-22).