STATE OF WISCONSIN, Plaintiff-Respondent,
v.
DEVON L. TELFERED, Defendant-Appellant.
No. 03-2264-CR.
Court of Appeals of Wisconsin.
Opinion Filed: April 15, 2004.
Before Dykman, Vergeront and Higginbotham, JJ.
¶1 PER CURIAM.
Devon Telfered appeals a judgment convicting him of felony murder and an order denying him postconviction relief. The trial court entered judgment after a jury found Telfered guilty as a party to an attempted armed robbery that ended in the fatal shooting of the victim. His postconviction motion, which the trial court denied without a hearing, raised evidentiary issues and alleged newly discovered evidence. The issues on appeal are whether the evidence was sufficient to convict Telfered, whether the trial court properly admitted testimony that Telfered attempted to hide when police came to arrest him for the murder, and whether his newly discovered evidence warranted a new trial, or at least an evidentiary hearing on his motion. We affirm.
¶2 In February 2001, Aaron Tanner was shot and killed during an attempted armed robbery. Police quickly arrested two of the assailants as they attempted to flee. The third armed robber escaped.
¶3 A month later police officers arrested Telfered as the third man. During interrogations the next day, Telfered admitted participating in the armed robbery. Initially, he attributed the shooting to an accomplice. Later, he admitted that he shot Tanner, although he maintained that the shooting was accidental, occurring when one of his accomplices tried to grab the gun while he was holding it.
¶4 At trial, the State relied in substantial part on Telfered's confessions. Over his objection, the State also introduced evidence from one of the officers who arrested Telfered at a girlfriend's apartment. The officer testified that while searching the apartment he found Telfered in an outside porch area, on a very cold day, curled up as if to conceal himself. Later, the trial court instructed the jury that the jury could consider whether Telfered's actions, as described by the officer, showed a consciousness of guilt. Telfered did not testify, and he called no other witnesses.
¶5 Telfered filed his postconviction motion in August 2003. To support his newly discovered evidence allegation, he submitted an affidavit from ChaBria Smith, who identified herself as Telfered's former girlfriend, and stated that she was with him, elsewhere in Milwaukee, when the crime occurred.
¶6 The trial court denied the postconviction motion without a hearing, relying on its decisions at trial on the evidentiary issues. On the new evidence claim, the court determined that there was no reasonable probability that a jury would believe alibi testimony from Smith, given Telfered's detailed confessions, the time that elapsed before she came forward, and the fact that Telfered never mentioned her while giving police a thorough account of his activities on the day of the murder.
¶7 Telfered contends on appeal that the evidence was insufficient to convict him because, in his view, the State's case consisted solely of his uncorroborated confession. It is fundamental that the State cannot obtain a conviction based solely on the accused's confession. See State v. Verhasselt, 83 Wis. 2d 647, 661, 266 N.W.2d 342 (1978). There must be evidence corroborating at least one significant fact. Schultz v. State, 82 Wis. 2d 737, 752, 264 N.W.2d 245 (1978). In this case, other evidence corroborated a number of significant facts. Physical evidence confirmed Telfered's description of the type of pistol used in the shooting, and his estimate of the distance between him and Tanner when the weapon discharged. Other evidence established that Telfered correctly identified his accomplices and also demonstrated that Telfered correctly described the victim's appearance. These facts either together or separately were sufficient to corroborate the confession.
¶8 Telfered next contends that the trial court erred by allowing testimony of his arrest as evidence showing consciousness of guilt. He agrees that evidence of flight, or related conduct, is admissible as evidence showing consciousness of guilt, and thus guilt itself. See State v. Winston, 120 Wis. 2d 500, 505, 355 N.W.2d 553 (Ct. App. 1984). He contends, however, that the inference that he was attempting to evade police was not available from the officer's testimony about his arrest. We disagree. The officer testified that he found Telfered in a "balled up position," outdoors on a very cold day, as officers searched the apartment for him. The officers had previously announced themselves at the door and had waited 45 seconds before someone opened it. The inference was readily available from the testimony that Telfered went to the outside porch in order to hide from the officers he knew were waiting at the door. The trial court's decision to admit evidence of flight, and subsequently instruct the jury on it, is discretionary. State v. Knighten, 212 Wis. 2d 833, 839, 569 N.W.2d 770 (Ct. App. 1997). The trial court reasonably used that discretion in this instance.
¶9 The trial court also properly denied relief without an evidentiary hearing on the newly discovered evidence issue. Whether to grant a motion based on newly discovered evidence is addressed to the trial court's discretion. State v. Carnemolla, 229 Wis. 2d 648, 656, 600 N.W.2d 236 (Ct. App. 1999). The defendant's burden includes showing an absence of negligence in failing to timely discover the evidence and showing that the evidence would create a reasonable probability of a different outcome on retrial. State v. Shanks, 2002 WI App 93, ¶13, 253 Wis. 2d 600, 644 N.W.2d 275. Here, the trial court reasonably concluded that Telfered could never reconcile his accurate, detailed, and inculpatory statements about the murder with his alleged alibi, or that Smith could plausibly explain her delay of over two years in coming forward with the alibi, but still remember the precise details of where, when, and under what circumstances she encountered Telfered. These circumstances preclude a reasonable probability of a different result on retrial. A defendant is not automatically entitled to a hearing on a postconviction motion. State v. Bentley, 201 Wis. 2d 303, 309-10, 548 N.W.2d 50 (1996). If, as here, the record conclusively shows that the defendant is not entitled to relief, the trial court may deny the motion without a hearing. Id.
By the Court.  Judgment and order affirmed.