COURT OF APPEALS
DECISION
DATED AND FILED

July 31, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1598-CR**

Cir. Ct. No. 2022CF735

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

JOEL W. YOCHUM,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Waukesha County: J. ARTHUR MELVIN, III, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Joel W. Yochum appeals from a judgment of conviction entered upon his no contest plea and an order denying his motion for postconviction relief.  For the following reasons, we summarily affirm.

## Background

¶2     Following a traffic stop resulting in criminal charges, Yochum pled to operating a motor vehicle with a restricted controlled substance, fifth or sixth offense.  He subsequently filed a postconviction motion to withdraw his plea, alleging his trial counsel performed ineffectively by failing to file a motion to suppress evidence.  He specifically asserts the arresting officer (1) unlawfully extended the stop when he began an operating while intoxicated (OWI) investigation after concluding an investigation into possible domestic abuse and (2) unlawfully administered a preliminary breath test (PBT) to him.  He claims that by failing to file a suppression motion on these bases, his counsel performed deficiently and he was prejudiced by said deficiency.  The circuit court denied Yochum's postconviction motion, determining that even if counsel had filed a motion to suppress on these bases, the motion would have failed.

## Discussion

¶3     "A defendant is entitled to withdraw a guilty plea after sentencing only upon a showing of 'manifest injustice' by clear and convincing evidence." *State v. Bentley*, 201 Wis. 2d 303, 311, 548 N.W.2d 50 (1996) (citation omitted). One way a defendant can show a manifest injustice is to demonstrate that his or her counsel rendered ineffective assistance.  *State v. Taylor*, 2013 WI 34, ¶49, 347 Wis. 2d 30, 829 N.W.2d 482.

¶4      To succeed on a claim of ineffective assistance of counsel, a defendant must show that counsel performed deficiently and that such deficiency prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show counsel performed deficiently, a defendant must establish that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *State v. Gutierrez*, 2020 WI 52, ¶44, 391 Wis. 2d 799, 943 N.W.2d 870 (quoting *Strickland*, 466 U.S. at 687). To show prejudice in the context of a request for plea withdrawal, a defendant must demonstrate "that there is a reasonable probability that, but for the counsel's errors, [the defendant] would not have pleaded [no contest] and would have insisted on going to trial." *Bentley*, 201 Wis. 2d at 312 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "Where the [defendant] fails to satisfy either prong of the ineffective assistance of counsel analysis [the appellate court] need not consider the other." *State v. Breitzman*, 2017 WI 100, ¶81, 378 Wis. 2d 431, 904 N.W.2d 93.

¶5      Our review of an ineffective assistance of counsel claim presents a mixed question of fact and law. *Gutierrez*, 391 Wis. 2d 799, ¶19. We uphold the circuit court's findings of fact unless they are clearly erroneous. *Id.* However, "[w]hether counsel's performance satisfies the constitutional standard for ineffective assistance of counsel is a question of law we review de novo." *Id.*

¶6      Here, we agree with the circuit court that the suppression motion Yochum claims his counsel should have filed would have failed. As a result, Yochum has not established that counsel performed deficiently because it is not deficient performance to fail to file a meritless motion. *See State v. Dalton*, 2018 WI 85, ¶53, 383 Wis. 2d 147, 914 N.W.2d 120.

3

¶7       "A law enforcement officer may detain an individual for investigative purposes if reasonable suspicion ... of criminal activity exists." *State v. Rose*, 2018 WI App 5, ¶14, 379 Wis. 2d 664, 907 N.W.2d 463 (2017).  Reasonable suspicion requires that an officer have more than just an "inchoate and unparticularized suspicion or 'hunch,'" *State v. Post*, 2007 WI 60, ¶10, 301 Wis. 2d 1, 733 N.W.2d 634 (citation omitted); rather, an officer must possess specific and articulable facts which, taken together with rational inferences from those facts, warrant a reasonable belief that the person being stopped has committed, is committing, or is about to commit an offense, *id.*, ¶¶10, 13.  In determining whether an officer had reasonable suspicion, we must consider what a reasonable officer would have reasonably suspected given his or her training and experience.  *State v. Waldner*, 206 Wis. 2d 51, 56, 556 N.W.2d 681 (1996).  We must look at the totality of the circumstances, and as facts accumulate, reasonable inferences about their cumulative effect can be drawn.  *Id.* at 58.

¶8       Yochum does not challenge the officer's initial stop of his vehicle to investigate possible domestic abuse.  He claims, however, that the officer unlawfully extended the traffic stop when he began the OWI investigation.  To lawfully extend a traffic stop for a new investigation, an officer must have reasonable suspicion that a separate violation has occurred.  *See State v. Colstad*, 2003 WI App 25, ¶19, 260 Wis. 2d 406, 659 N.W.2d 394.  Here, the officer had reasonable suspicion.

¶9       The complaint and preliminary hearing testimony reveal the following undisputed, relevant facts.  Police performed a traffic stop on Yochum after receiving a report that a concerned citizen had observed him swerving "all over the road" and him and a female in the vehicle yelling at each other.  Police on the scene began a domestic abuse investigation, but in speaking with Yochum, Officer Erik

4

Michalsen noted an odor of intoxicants emitting from him. Yochum stated he had been at Potawatomi Casino and did "a little bit of gambling and had some lunch and some drinks." Yochum stated he had had a Bloody Mary but that was the only drink he consumed. The officer learned that due to multiple prior OWI convictions, Yochum could not lawfully drive a motor vehicle with a blood alcohol concentration (BAC) above .02.

¶10     After learning of Yochum's .02 restriction, the officer began an OWI investigation, starting with field sobriety tests (FSTs). On the horizontal gaze nystagmus test, the officer observed four out of six possible clues of intoxication in Yochum's eyes; he observed no clues on the walk-and-turn test; and observed several clues on the one-legged-stand test, specifically that Yochum used his arms for balance, lifting them away from his sides approximately eight to ten inches, and swayed during the test. The officer then administered a PBT to Yochum, which produced a result of .036 BAC. The officer placed Yochum under arrest, leading to the criminal charges against him.

¶11     At the time the officer extended the traffic stop to conduct an OWI-related investigation, he was aware that a concerned citizen had reported that Yochum had been swerving "all over the road,"[1] the officer smelled alcohol emanating from Yochum when the officer spoke with him, and Yochum admitted having been gambling at a casino—an establishment commonly known as a place where alcohol is consumed—and consuming alcohol there. The officer additionally

---

[1] While a reasonable officer could have reasonably concluded Yochum had been swerving "all over the road" due to some reason other than intoxication, an officer would not be obligated to reach that conclusion as to the cause of the swerving. *See State v. Waldner*, 206 Wis. 2d 51, 59, 556 N.W.2d 681 (1996) (stating "police officers are not required to rule out the possibility of innocent behavior before initiating a brief stop"). A reasonable officer alternatively could have reasonably concluded that the swerving was caused by one or more intoxicating substances in Yochum's system.

learned that Yochum could not be lawfully driving with a BAC above .02, a very low level. The swerving, the smell of alcohol, and the admission of consuming alcohol at a casino easily provided reasonable suspicion that Yochum had been operating his vehicle with a BAC of .02 or greater.

¶12 As to Yochum's challenge to the administration of the PBT, we observe that when the officer administered it to Yochum, in addition to the identified facts supporting reasonable suspicion, the officer had observed four out of six possible clues of intoxication on the HGN test and several clues of intoxication on the one-legged-stand test. The question before the officer, however, was not just whether Yochum was operating his vehicle while intoxicated/impaired but also whether he was operating his vehicle with a BAC of .02 or greater—a much lower violation threshold. The requisite probable cause to administer a PBT to a suspect is lower than the probable cause needed to arrest a person. *See State v. Blatterman*, 2015 WI 46, ¶76 n.29, 362 Wis. 2d 138, 864 N.W.2d 26 ("Probable cause to request a PBT requires 'a quantum of proof that is … less than the level of proof required to establish probable cause for arrest.'" (citation omitted)). Even before administering the FSTs to Yochum, the officer had probable cause to administer the PBT; the FSTs just added yet more evidence that Yochum had been operating his vehicle with a BAC level above .02. The resulting PBT reading of .036 added even more evidence that he had violated his .02 restriction, easily providing the necessary probable cause to arrest.

¶13 For the foregoing reasons, we conclude that had trial counsel filed the suppression motion Yochum claims he should have filed, it would have failed. Because of this, counsel did not perform deficiently by failing to file a suppression motion. *See Dalton*, 383 Wis. 2d 147, ¶53. Thus, we affirm the judgment of

conviction and the circuit court's denial of Yochum's motion to withdraw his plea based on ineffective assistance.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5 (2021-22).