COURT OF APPEALS
DECISION
DATED AND FILED

September 18, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1945-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2019CF2443

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

  PLAINTIFF-RESPONDENT,

 V.

JASON A. NATCONE,

  DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Dane County: JOSANN M. REYNOLDS, Judge. *Affirmed*.

Before Graham, P.J., Blanchard, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jason Natcone appeals from a judgment of conviction for first-degree reckless homicide and from the circuit court's order

denying his postconviction motion for relief. Natcone argues that he must be permitted to withdraw his no-contest plea to avoid a manifest injustice. Specifically, he asserts that his trial counsel provided ineffective assistance by misinforming him that he would receive 916 days of sentence credit, regardless of whether his sentence was made concurrent to or consecutive with another revocation sentence he was to serve, and that he relied on this misinformation in deciding to enter his plea. We assume without deciding that trial counsel's performance was deficient, and we conclude that Natcone has not shown that he was prejudiced as a result of his counsel's assumed deficient performance. Accordingly, we affirm.

## BACKGROUND

¶2 The following was alleged in the criminal complaint filed against Natcone. After Natcone visited at least five bars, drinking alcohol at each, he was the driver responsible for a car crash in which one person was killed and several others were injured. He was driving at an extremely high speed on a residential street when he collided with another car from behind. At the time of the crash, Natcone was on extended supervision for his seventh OWI offense.

¶3 The State charged Natcone with eleven crimes, the most serious being first-degree reckless homicide in violation of WIS. STAT. § 940.02(1) (2023-24) and homicide by intoxicated use of a vehicle in violation of WIS. STAT. § 940.09(1)(a).[1] Natcone then entered a plea of no contest to the charge of first-degree reckless homicide in exchange for the other charges being dismissed and

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

read in for purposes of sentencing. Natcone's conviction on the homicide charge carried a maximum sentence of 40 years of initial confinement and 20 years of extended supervision.

¶4    The circuit court sentenced Natcone to 17 years of initial confinement followed by 20 years of extended supervision. The court imposed this sentence consecutive to the sentence after revocation that Natcone received for his seventh OWI offense.[2]  The circuit court then turned to the issue of sentence credit. It appears to have been undisputed that Natcone had been in jail for approximately 916 days following his arrest on this charge and revocation of his extended supervision imposed on his OWI 7th conviction, and that he received credit for that jail time towards his sentence after revocation for the OWI 7th conviction. Under applicable law, a defendant may be entitled to "dual credit" when given concurrent sentences, but not when given consecutive sentences. *See State v. Boettcher*, 144 Wis. 2d 86, 87, 423 N.W.2d 533 (1988).

¶5    As applied in this situation, the prosecutor pointed out that there would be no credit for the consecutive sentence that the court decided to impose. Natcone's trial counsel argued that "pursuant to *State v. Antonio Johnson*[3] he would receive credit in this case despite the consecutive nature" of the sentence. The court requested that counsel provide a letter with authority for his position, but counsel never provided such a letter to the court. Counsel instead sent a letter to Natcone on February 15, 2022, after the sentencing hearing, stating in pertinent part that, "[w]hile [counsel] thought [the *Antonio Johnson* case] provided for

---

[2]  Dane County Case No. 2011CF2156.

[3]  *State v. Johnson*, 2018 WI App 2, 379 Wis. 2d 684, 906 N.W.2d 704.

3

double credit in that situation, [counsel] was mistaken." The court did not award any sentence credit in this case.

¶6      Represented by new counsel, Natcone filed a postconviction motion asserting that he must be allowed to withdraw his no-contest plea because he received ineffective assistance of counsel when "trial counsel misinformed him as to application of jail credit to his sentence in this case." He asserted that he was prejudiced as a result of the deficient performance because "he was not credited the 916 days of jail credit against the sentence in this case" and that counsel's assertion that he would receive this sentence credit "is something [he] relied upon" in entering his plea. He also asserted that his plea "was not knowingly entered" because he "relied on trial counsel's misinformation" on this issue.

¶7      The circuit court conducted an evidentiary hearing on Natcone's postconviction motion at which trial counsel and Natcone both testified. According to counsel, he never advised Natcone that he would receive sentence credit for the time he spent in jail on this case if the court imposed a consecutive sentence. Counsel testified that when he and Natcone discussed jail credit when they conferred about the plea in advance of the plea hearing, counsel advised Natcone that 916 days of sentence credit would apply in this case "[i]f he got a concurrent sentence." When counsel was asked whether he informed Natcone at that time that "he would potentially be entitled to double credit," counsel again said that he informed Natcone that "he would receive double credit … [i]f he received a concurrent sentence in the pending case." Counsel further testified that he explained that the credit would not be applied if the court imposed a consecutive sentence, and that counsel was "certain" that Natcone understood this. Counsel acknowledged that he made an argument to the sentencing court that Natcone should be entitled to the credit pursuant to ***Johnson*** even after the court

4

imposed a consecutive sentence, but said that counsel "was trying to find any relief [he] could" and that he "just said it wrong that day." When asked about his February 15, 2022 post-sentencing letter to Natcone, counsel testified that it referred to the fact that counsel had been "mistaken" about the applicability of sentence credit in the criminal case "when [counsel] made the argument in court."

¶8 Contradicting trial counsel, Natcone testified that counsel told him in multiple conversations in advance of the plea hearing that Natcone was entitled to "double credit because [he was] fighting two cases at once [and] if [he] were to take a plea bargain, [he] would get double credit on both if the judge would give [him] consecutive sentences." That is, Natcone testified, counsel told him that "if for some reason [Natcone got] consecutive" sentences, which counsel did not expect, Natcone would nevertheless get credit for "double time." In response to postconviction counsel's question asking whether "the jail credit [was] a factor for [Natcone] in considering entering [his] plea," Natcone responded that he "would never have taken a plea bargain if [he] didn't get the credit on this case, ever."

¶9 The circuit court denied Natcone's motion for plea withdrawal. The court credited trial counsel's testimony that counsel told Natcone that credit would be given only in the event of a concurrent sentence, even though counsel had advanced a contrary argument to the court at the sentencing hearing. That is, the court recognized the inconsistency between what counsel testified he had told Natcone and counsel's argument to the court that Natcone was entitled to credit even after imposition of a consecutive sentence, and the court accepted counsel's explanation for the inconsistency, namely, that counsel made the argument in court as a desperate effort in immediate reaction to the heavy sentence that the court imposed. The court also determined that, regardless of whether counsel may have performed deficiently by giving conflicting advice, Natcone did not meet his

burden of showing any resulting prejudice because Natcone was aware that "he was facing up to sixty years" with a maximum confinement period of forty years, and the court imposed a sentence of less than one-half the possible period of confinement.

¶10    Natcone appeals.

## DISCUSSION

¶11    "The circuit court has discretion to determine whether a plea should be withdrawn." *State v. Taylor*, 2013 WI 34, ¶48, 347 Wis. 2d 30, 829 N.W.2d 482. After sentencing, a defendant seeking to withdraw a guilty or no-contest plea bears the burden of establishing by clear and convincing evidence that failure to withdraw the plea amounts to a manifest injustice.[4] *See id.*; *State v. Thomas*, 2000 WI 13, ¶16, 232 Wis. 2d 714, 605 N.W.2d 836. Given that the presumption of innocence no longer exists after such a plea is finalized, we will not disturb the plea unless a defendant satisfies the high standard of showing a serious flaw in its fundamental integrity. *Thomas*, 232 Wis. 2d 714, ¶16.

---

[4] At times, Natcone's briefing conflates the legal standard applicable to his motion for post-sentencing plea withdrawal based on alleged ineffective assistance of trial counsel with standards applicable in much different situations. For example, the "Statement of the Issues" in his opening brief identifies the issue on appeal as whether "the State [met] its burden of proof to show that Natcone's plea was knowing and voluntary." That is the standard to be applied at an evidentiary hearing after a defendant has met the requirements of a *Bangert* motion based on an allegedly defective plea colloquy. *See, e.g.*, *State v. Howell*, 2007 WI 75, ¶¶28-29, 301 Wis. 2d 350, 734 N.W.2d 48; *State v. Bangert*, 131 Wis. 2d 246, 274, 389 N.W.2d 12 (1986). Natcone never made a motion under *Bangert* or alleged that a deficiency in the plea colloquy resulted in his plea not being knowing, intelligent, and voluntary. As Natcone acknowledges elsewhere in his brief, it is his burden to show that plea withdrawal is necessary to correct a manifest injustice, and in this case it is not the State's burden to show that his plea was knowing and voluntary because that issue has not been raised.

¶12 Demonstrating that a defendant's counsel rendered ineffective assistance, as Natcone attempts to do, is one way to show a manifest injustice under the case law. *See Taylor*, 347 Wis. 2d 30, ¶49. A defendant seeking to withdraw a post-sentencing plea on this basis must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *State v. Bentley*, 201 Wis. 2d 303, 311-12, 548 N.W.2d 50 (1996). The defendant must establish that counsel's performance was both deficient, falling outside the range of objectively reasonable attorney representation, and prejudicial, adversely affecting the outcome of the proceeding. *See State v. Mull*, 2023 WI 26, ¶¶35, 37, 406 Wis. 2d 491, 987 N.W.2d 707. In the context of post-sentencing plea withdrawal, the prejudice prong of the test is satisfied only when the defendant shows a reasonable probability that "'he would not have pleaded guilty [or no contest] and would have'" exercised the right to trial absent counsel's errors. *Bentley*, 201 Wis. 2d at 312 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

¶13 Whether trial counsel's actions constitute ineffective assistance is a mixed question of fact and law. *State v. O'Brien*, 223 Wis. 2d 303, 324, 588 N.W.2d 8 (1999). We uphold the circuit court's findings of fact unless they are clearly erroneous. *Id.* at 324-25. Whether counsel's conduct amounted to ineffective assistance, however, is a question of law that we review independently. *Id.* at 325.

¶14 Natcone argues that trial counsel allegedly misinforming him that he would receive a sentence credit of 916 days if he accepted the plea agreement—even if the circuit court imposed a consecutive sentence—satisfies the deficiency prong of the *Strickland* test. Natcone acknowledges the court's finding that counsel credibly testified that he told Natcone the sentence credit would apply only "if he got a concurrent sentence," but Natcone points to conflicting evidence

in the record and argues that this finding was clearly erroneous. Specifically, according to Natcone, counsel's argument for credit at sentencing and counsel's postsentencing letter admitting to a mistaken understanding of the issue show that counsel did, in fact, misinform him about the applicability of the sentence credit.

¶15 We need not resolve the issue of whether Natcone shows deficient performance because Natcone's argument regarding the prejudice prong of the *Strickland* test is lacking. *See O'Brien*, 223 Wis. 2d at 324 ("Under the *Strickland* test, if the defendant has failed to show prejudice, this court need not address the deficient performance prong."). The following is the entire prejudice argument in his opening brief, which is a verbatim reproduction of the argument made in his brief to the circuit court:

> Natcone suffered prejudice as a result of trial counsel's misinformation as he was not credited the 916 days of jail credit against the sentence in this case. The misinformation is something Natcone relied upon in entering the plea in this case. He testified at the postconviction hearing that he would not have entered a plea and would have gone to trial had he [known] he was not going to receive the 2 1/2 years of jail credit.

¶16 In the first sentence of this paragraph, Natcone seems to argue that he was prejudiced because he did not receive sentence credit. Yet, it is undisputed that Natcone was not entitled to the sentence credit under these facts. Because Natcone would not have received the credit regardless of his counsel's advice, the first sentence of his argument has no bearing on our analysis of prejudice.

¶17 Turning to the rest of Natcone's argument, his postconviction testimony is the only evidence he cites. It is not enough to carry his burden to show that he would have decided to go to trial but for counsel's alleged misinformation. *See Hill*, 474 U.S. at 59; *Bentley*, 201 Wis. 2d at 312. As the

United States Supreme Court has directed, we "should not upset a plea solely because of *post hoc* assertions from a defendant about how [they] would have pleaded but for [their] attorney's deficiencies." *Lee v. United States*, 582 U.S. 357, 369 (2017); *see also* *State v. Savage*, 2020 WI 93, ¶33-35, 395 Wis. 2d 1, 951 N.W.2d 838. Instead, a defendant has two options to substantiate such testimony: either "contemporaneous evidence" that the defendant placed particular importance on the subject of the misinformation or a showing that the defense would likely have succeeded at trial. *Savage*, 395 Wis. 2d 1, ¶35.

¶18 Natcone fails to show either option. In his reply brief, he points only to "communications of trial counsel that were admitted into the record [and] show counsel's attempts to get Natcone to take a deal." Although Natcone does not in his reply brief identify these communications in the record or describe them with any particularity, he appears to be referring to the four letters attached as exhibits to his postconviction motion. The letters do not show any connection between the sentence credit Natcone allegedly believed he would get and Natcone's decision to accept the plea agreement. Indeed, none of the three letters sent before sentencing even mention sentence credit, and the fourth letter—sent after sentencing—is the one already discussed in which counsel acknowledged that credit could not be applied to Natcone's consecutive sentence.

¶19 Nor do the letters support any argument that the defense would likely have succeeded at trial. Indeed, the letters reflect counsel's pessimistic assessment of the likelihood of mounting a successful defense in view of the State's evidence, and one letter refers to Natcone's "agree[ment] that this was not a triable case."

¶20    For all these reasons, Natcone does not come close to showing either that the issue of sentence credit was important to his decision to enter a plea or that he had a viable defense. Therefore, we affirm the circuit court's denial of Natcone's postconviction motion because he has not satisfied the prejudice component of the *Strickland* test for ineffective assistance.

¶21    We turn to an argument that Natcone seems to attempt at times but does not fully develop. This would be the contention that he should be allowed to withdraw his plea because it was "not knowingly entered where he relied on trial counsel's misinformation" or "not voluntarily entered where he was unaware of the maximum sentence he could serve."[5] Separate from ineffective assistance of counsel, "show[ing] that the defendant did not enter [a] plea knowingly, intelligently, and voluntarily" is another way to demonstrate a manifest injustice warranting plea withdrawal. *State v. Dillard*, 2014 WI 123, ¶37, 358 Wis. 2d 543, 859 N.W.2d 44; *Taylor*, 347 Wis. 2d 30, ¶¶24-25. But even if Natcone had sufficiently developed this argument, it fails.

¶22    In *Dillard*, our supreme court directed the circuit court to permit a defendant to withdraw his plea because it was based on misinformation and therefore not knowing, intelligent, and voluntary. *Dillard*, 358 Wis. 2d 543, ¶9. In that case, when the defendant was deciding whether to accept the State's plea offer or go to trial, the prosecution, the circuit court, and his trial counsel all stated—mistakenly—that he was facing a persistent repeater enhancer that could

_____

[5] Natcone took a similar approach before the circuit court, arguing that the court should allow him to withdraw his plea because the plea "was not knowingly entered where he relied on trial counsel's misinformation as to the application of jail time credit in this case." But this statement was made strictly in the context of Natcone's ineffective assistance argument.

result in a mandatory life sentence if he did not accept the plea. *Id.*, ¶¶3, 48. That is, the defendant in ***Dillard*** was operating under the false impression that the State was offering him, through the plea, a chance to avoid a mandatory life sentence. *See id.* Further, postconviction testimony from both the defendant and trial counsel was clear and consistent that the defendant's primary motivation for entering the plea agreement was to eliminate the possibility of a mandatory life sentence. *See id.*, ¶¶41, 44-48, 62.

¶23 In contrast here, the value of the State's offer to Natcone was the dismissal of all the other charges filed against him, and Natcone fails to show that the offer was related to the issue of sentence credit. And, in Natcone's case, there is no evidence that sentence credit was a factor in Natcone's acceptance of the plea other than his own *post hoc* and conclusory testimony, which, as we have already explained, we are to view with skepticism. Natcone has not developed an argument sufficient for us to conclude that his plea was not knowing and voluntary.

¶24 In sum, Natcone's failure to demonstrate that he would have gone to trial absent his counsel's alleged incorrect advice that he would receive sentence credit in this case is fatal to his postconviction motion. He has not shown that withdrawal of his guilty plea is necessary to avoid a manifest injustice. *See **Taylor***, 347 Wis. 2d 30, ¶49.

## CONCLUSION

¶25 For all of these reasons, we affirm the judgment of conviction and the circuit court's order denying Natcone's postconviction motion for relief.

*By the Court.*—Judgment and order affirmed.

11

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.