COURT OF APPEALS
DECISION
DATED AND FILED

October 2, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP888-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2019CF85

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

ANTHONY J. LEWIS,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Green County: FAUN MARIE PHILLIPSON, Judge. *Affirmed.*

Before Blanchard, Kloppenburg, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Anthony Lewis appeals a judgment of conviction and an order denying his postconviction motion. We affirm.

¶2    After a jury trial, Lewis was convicted of one felony count of child abuse-intentionally causing harm, and one misdemeanor count of bail jumping.  He filed a postconviction motion, which the circuit court denied without an evidentiary hearing.

¶3    Lewis argues that the evidence was insufficient to support the jury's guilty verdicts because the information charged the offenses as having occurred on Saturday, June 29, 2019, but there was a lack of clarity in the trial evidence as to whether the crime occurred on that day, or instead on the following day.  This argument fails for several reasons.

¶4    First, the information actually charged the offenses as having occurred "on or about" June 29, 2019, and this description of the charges was provided to the jury in the instructions.  The date after the specified date qualifies as "about" the specified date.

¶5    Second, the instructions informed the jury that "it is not necessary for the State to prove that the offense was committed on a specific date.  If the evidence shows beyond a reasonable doubt that the offense was committed during the time period alleged in the information, that is sufficient."  Lewis does not claim that he objected to this instruction or that the circuit court otherwise erred in giving it.  We ordinarily review verdicts in light of the instructions the jury was given, and here there was no instruction requiring it to find the date of the offenses.

¶6    Third, even if we were to review this as a sufficiency of the evidence question, Lewis makes no argument based on the applicable standard.  We affirm the verdict unless the evidence, viewed most favorably to the State and the conviction, is so insufficient in probative value and force that no reasonable trier of

2

fact could have found guilt beyond a reasonable doubt. ***State v. Poellinger***, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990).

¶7      Lewis does not argue that the evidence failed to meet this sufficiency standard. He acknowledges witness testimony that the offenses occurred on June 29, 2019, and argues only that, in light of other evidence, there was a "lack of clarity" and "lack of certainty" about the date of the incident. However, those are not the applicable tests.

¶8      Lewis also argues that his trial counsel was ineffective in two ways. To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that such performance prejudiced him. ***Strickland v. Washington***, 466 U.S. 668, 687 (1984).

¶9      As noted, the circuit court denied the postconviction motion without an evidentiary hearing. Therefore, the question here is whether Lewis was entitled to such a hearing. The court first looks at whether the facts alleged in the postconviction motion, if true, would entitle the defendant to relief. ***State v. Jackson***, 2023 WI 3, ¶11, 405 Wis. 2d 458, 983 N.W.2d 608. If they do, the court must determine whether the record conclusively demonstrates that the defendant is not entitled to relief. ***Id.***

¶10      In attempting to allege facts that would entitle him to relief, Lewis must allege objective factual assertions which allow the reviewing court to meaningfully assess his claim. ***State v. Bentley***, 201 Wis. 2d 303, 313-14, 548 N.W.2d 50 (1996). This is a question of law that we decide without deference to the circuit court. ***Id.*** at 310.

¶11    Lewis first argues that his trial counsel was ineffective by not calling certain witnesses.  The circuit court concluded that Lewis failed to sufficiently allege either deficient performance or prejudice on this claim, because these potential witnesses were not with Lewis and the victim during or after the alleged child abuse, but only before it.  The court concluded that this was true regardless of whether the abuse occurred late in the day on June 29, 2019, or early in the day on June 30, 2019.

¶12    Lewis argues that these witnesses could have testified that they did not see abuse and did not see any medical or emotional distress of the victim.  However, Lewis does not persuasively address the temporal aspect of the circuit court's analysis and explain how the jury could have used the testimony of these witnesses in relation to the State's claim.  It appears that the testimony he now proposes would be irrelevant because it fails to counter the State's allegations or to support a viable defense theory.  Therefore, Lewis failed to allege either deficient performance or prejudice.

¶13    Lewis next argues that his trial counsel was ineffective by not offering photographs of the victim that were taken on June 29, 2019, and that, as described by Lewis, do not show any injuries or distress.  The circuit court rejected this claim for the same reason as the first claim, that is, because the photographs were taken before either of the times when the child abuse might have occurred.  On appeal, Lewis again fails to acknowledge the irrelevancy created by this timing, and therefore this claim also fails.

        *By the Court.*—Judgment and order affirmed.

        This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5. (2023-24).