# COURT OF APPEALS
## DECISION
## DATED AND FILED

## December 11, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP150-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2022CF244

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

KEITH A.D. WHITING,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Sauk County: PATRICIA A. BARRETT and BLAKE J. DUREN, Judges. *Judgment affirmed; order reversed and cause remanded with directions.*

Before Kloppenburg, Nashold, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Keith Whiting appeals a judgment of conviction and an order denying his postconviction motion.[1]  We conclude that Whiting has established that a plea colloquy defect was present in this case, and that he made a sufficient allegation about his lack of understanding of the nature of the charge to be entitled to an evidentiary hearing.  Therefore, we reverse the postconviction order and remand with directions to hold an evidentiary hearing.

¶2    Whiting was charged in the original complaint and information with several counts of sexual assault of a child under sixteen.[2]  On the day that Whiting pled guilty, the State filed an amended information charging, for the first time, repeated sexual assault of a child.  Whiting pled guilty to that charge, along with another count in this case and counts in another case that are not a subject of this appeal.

¶3    Whiting's postconviction motion alleged that the plea colloquy was defective because the circuit court failed to sufficiently establish his understanding of the nature of the charge of repeated sexual assault of a child.  The motion relied on familiar case law under which, if the circuit court failed to conduct an adequate plea colloquy as to the nature of the charge, and the defendant alleges that the defendant in fact did not know or understand the information that should have been provided at the plea hearing, the State bears the burden of proving by clear

_____

[1] The Honorable Patricia A. Barrett presided over the trial and entered the judgment of conviction.  The Honorable Blake J. Duren entered the order denying the defendant's postconviction motion.

[2] The original information itself was apparently not filed in the circuit court record, but the transcript of the arraignment describes the charges that it contained.

and convincing evidence that the plea was entered knowingly and voluntarily. *State v. Bangert*, 131 Wis. 2d 246, 267-79, 389 N.W.2d 12 (1986).

¶4 The circuit court denied the postconviction motion without an evidentiary hearing. It concluded that the elements of the charge were sufficiently addressed. Whiting appeals. Because the circuit court denied the motion without an evidentiary hearing, the question on appeal is whether Whiting was entitled to such a hearing.

¶5 Whiting argues that the plea colloquy was defective. Whether a plea colloquy was defective is a question of law that we review independently. *State v. Brown*, 2006 WI 100, ¶21, 293 Wis. 2d 594, 716 N.W.2d 906.

¶6 Whiting argues that the plea colloquy was defective because the circuit court failed to establish Whiting's understanding of the nature of the charge of repeated sexual assault of a child. Whiting first notes, and the State does not dispute, that the plea questionnaire and its attachment did not state the elements.

¶7 Whiting acknowledges a moment during the colloquy in which the court described the charge by stating: "As to 22-CF-244, the elements for Count 1 are is [sic] that you did commit repeated sexual assaults involving the same child … where at least three of the assaults were violations of [WIS. STAT. §] 948.02(1)(am), (b), (c) or (d) …." This appears to have been a verbatim reading of a portion of the amended information.

¶8 Whiting argues, however, that this statement by the circuit court was not sufficient to establish Whiting's understanding of the charge because the court,

3

in that passage, did not explain what was necessary to prove a violation of WIS. STAT. § 948.02(1)(am), (b), (c) or (d) (2023-24).[3]  Whiting observes that the pattern jury instruction for the offense of repeated sexual assault of a child starts with the elements that the defendant: (1) committed at least three sexual assaults of the victim and (2) did so within a specified period of time.  WIS JI—CRIMINAL 2107.  The instruction then also recommends that the court instruct on the elements of the underlying sexual assault offenses that are referred to in the first element.  WIS JI—CRIMINAL 2107 n.4.  In this case, no discussion of those additional elements occurred during Whiting's plea colloquy.

¶9     Whiting also acknowledges two other potentially relevant exchanges.  In one, after the circuit court made the above statement about the elements, it asked whether Whiting understood "those elements and that the [S]tate would have to prove you guilty beyond a reasonable doubt as to all 12 jurors for the elements of the offenses for each of the four charges that you've entered your pleas to?"  Whiting responded, "Yes, ma'am."

¶10    In the other exchange, the circuit court asked defense counsel whether counsel went over the elements of the offenses with Whiting and whether counsel was satisfied that Whiting understood the elements and the relationship between his conduct and those elements.  Counsel answered affirmatively to both questions, without further explanation.  Relying on long-standing case law, Whiting argues that these exchanges were not sufficient because they contained only cursory affirmative answers to the court's questions.  *See State v. Howell*, 2007 WI 75, ¶¶53-54, 301 Wis. 2d 350, 734 N.W.2d 48 (defendant's mere

---

[3]  All references to the Wisconsin Statutes are to the 2023-24 version.

affirmative response is inadequate, as is a statement from counsel that counsel has reviewed the elements, without a summary of the elements or detailed description of the conversation).

¶11 The State responds that the colloquy was not defective. However, the State begins by mischaracterizing Whiting's argument. The State describes Whiting's argument as "premised on the incorrect assertion that courts have a duty to fully explain the elements of the crimes to which defendants wish to plea." But Whiting does not make such an assertion, and he acknowledges that there are also other ways that the circuit court can establish his understanding of the charge. Instead, Whiting's argument is that the plea colloquy here did not include *any* of the accepted methods to establish his understanding. After the State rebuts this straw man argument that the court itself must describe the elements, the State then fails to show that any accepted method was used in this case.

¶12 The State argues that the circuit court's description of the charge, as quoted above, was sufficient because it follows the language in the amended information and is "substantially similar to the statutory definition of the crime as provided in the jury instructions and the statute itself." This argument is not persuasive. Whether the court's description followed the language in the amended information is not relevant unless that language provided a sufficient description of the elements. As to the claimed similarity of the court's colloquy language to the jury instructions, the State does not acknowledge that the pattern jury instruction recommends including the elements for the underlying sexual assault offense or offenses, or that the court omitted those elements here. The State also does not acknowledge that the omission of those elements is the focus of Whiting's argument.

5

¶13     The State then goes on to argue that, during the plea colloquy, after Whiting received this incomplete description of the elements, he unambiguously represented that he understood the elements, and that his attorney also stated as much. However, the State does not acknowledge or dispute the case law that is cited by Whiting and holds that these types of cursory affirmative responses are not adequate.

¶14     In sum, Whiting has established that the plea colloquy was defective because it did not include any of the accepted methods to demonstrate his understanding of the nature of the offense of repeated sexual assault of a child. The colloquy failed to establish his understanding of the three or more sexual assault offenses that were alleged to underlie the charge.

¶15     Separately, the State argues that Whiting was not entitled to an evidentiary hearing because he did not sufficiently allege that he did not understand the nature of the charge. In making this argument, the State applies case law that requires detailed pleading of non-conclusory allegations. *See State v. Bentley*, 201 Wis. 2d 303, 313-14, 548 N.W.2d 50 (1996). The State cites no case law applying that requirement to a *Bangert* colloquy-defect situation and, in fact, case law firmly rejects this requirement in that context and permits a conclusory allegation as to lack of understanding. *See State v. Hampton*, 2004 WI 107, ¶¶50-65, 274 Wis. 2d 379, 683 N.W.2d 14.

¶16     We focus on the following allegations in Whiting's postconviction motion. In paragraph eight, he alleged: "Whiting first heard of the repeated sexual assault charge in Count 1 on the day of the plea. It was not explained to him that it was a class B felony nor was he told the elements of the charge." In paragraph eighteen, he alleged:

6

> It is not clear which subsections of [WIS. STAT. § 948.02(1)] were intended to apply. Whiting was never told that he was admitting to having sexual contact or intercourse with a child under the age of 12, or that he caused great bodily harm to the victim, or that he had contact or intercourse by threat or use of force of violence, or that he did any combinations of these acts at least three times.

¶17 The State interprets these allegations that "it was not explained" to Whiting and that he "was never told" as being limited to allegations that the *circuit court* did not explain or tell him these things during the plea colloquy. The State argues that these allegations leave open the possibility that Whiting's attorney provided the information, or that Whiting obtained the information from another source. While we agree that some small degree of ambiguity can be found in the motion's use of the passive voice, we conclude that, in context, these allegations are more reasonably read as alleging that Whiting was not told these things by *anyone*. And, furthermore, in light of the conclusory pleading permitted in the ***Bangert*** context, it does not appear that specific factual allegations about what was explained or told to him outside of the plea colloquy and plea questionnaire are even necessary, beyond an allegation that he did not understand the nature of the charge.

¶18 As to that point, the State contends that Whiting did not sufficiently allege that he did not understand the nature of the charge. The State acknowledges that the postconviction motion, in paragraph nineteen, stated: "Whiting's plea to Count 1 of the amended information was not voluntary because *he did not have a full understanding of the charge of repeated sexual assault as alleged*." (Emphasis added.) The State dismisses this as insufficient because it is a conclusion of law, and not a specific factual allegation. However, this argument fails because an allegation about the defendant's understanding is one of fact:

> The allegation that the defendant did not understand is, admittedly, conclusory; but the allegation raises a question of *fact* and perhaps law that requires resolution.
>
> The allegation that a defendant did not understand something is qualitatively different from the allegation of a legal conclusion such as "counsel's performance was deficient and resulted in prejudice to the defendant," or "the defendant's plea was not voluntary."

*Hampton*, 274 Wis. 2d 379, ¶¶57-58 (alteration in original).

¶19 Accordingly, as to the requirement that the defendant allege the defendant's lack of understanding of the nature of the charge, we conclude that Whiting did so sufficiently here to require an evidentiary hearing on the issue.

¶20 Finally, the State argues that, even if the plea colloquy was defective and Whiting sufficiently alleged his lack of understanding, we may still conclude that Whiting was properly denied an evidentiary hearing because the record conclusively demonstrates that he is not entitled to relief. The State contends that the record as a whole shows that Whiting understood the charge to which he pled.

¶21 In arguing based on what it believes the record conclusively demonstrates, the State is again attempting to apply the *Bentley* legal test that applies in the context of some plea-withdrawal motions. However, in the context of a *Bangert* analysis, case law again firmly rejects the idea:

> In a *Bangert* motion, a circuit court and a reviewing court examine only whether "a defendant is entitled to an evidentiary hearing when the court errs at a plea hearing." The State cannot circumvent a defendant's right to an evidentiary hearing under *Bangert* by arguing that based on the record as a whole the defendant, despite the defective plea colloquy, entered a constitutionally sound plea….

*Howell*, 301 Wis. 2d 350, ¶70 (footnote and quoted source omitted).

¶22 For these reasons, we conclude that Whiting was entitled to an evidentiary hearing on his postconviction motion to withdraw his plea. We reverse the order denying the postconviction motion and remand with directions to hold an evidentiary hearing.

*By the Court.*—Judgment affirmed; order reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.